JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant John Phillips ("Phillips") appeals the trial court's imposition of consecutive sentences in this case. Finding merit to the appeal, we vacate the sentence and remand the case for resentencing.
 {¶ 2} In November 2002, Phillips was charged with four counts of burglary and one count of possessing criminal tools. He pled guilty to one count of burglary, a felony of the second degree, and two counts of burglary, felonies of the third degree. Each count involved a separate offense occurring on a separate day and involving a different victim. The third degree felonies carried a potential penalty of one to five years' incarceration, and the second degree felony carried a potential penalty of two to eight years' incarceration. The State nolled the remaining counts.
 {¶ 3} The trial court conducted a sentencing hearing in March 2003. Both Phillips and his lawyer addressed the court. The victim of the second degree felony also gave a statement about the impact which the burglary has had on her life. She was home at the time Phillips entered her apartment, and it terrified her and caused her to suffer psychological harm. Although she was not physically harmed, she has trouble sleeping and is afraid to leave her apartment by herself.
 {¶ 4} Although the trial court interrupted Phillips before he had an opportunity to complete his statement, the court found he expressed genuine remorse for having caused the victim any harm.
 {¶ 5} Prior to this incident, Phillips, who was 33 years old, had led a law-abiding life, with absolutely no prior criminal record. He had owned his own home, owned his own business, and had excellent credit. However, he claimed that in 1998 he was injured in an automobile accident and became addicted to the pain medication which had been prescribed for him. He further claimed that his addiction eventually led to a heroin addiction which caused him to lose his business, his home, and his credit. He committed the burglaries to obtain cash to sustain his habit.
 {¶ 6} He voluntarily attempted drug treatment on two prior occasions but had no health insurance and, thus, could not afford the cost of any long-term inpatient program.
 {¶ 7} When Phillips was caught committing the last burglary, he cooperated with police and gave a complete admission to three other burglaries. Notwithstanding his genuine show of remorse and his lack of any criminal record, the trial court found he may be a recidivist. The court also found the harm he caused to the victim was serious enough to justify the imposition of consecutive sentences. Accordingly, the trial court sentenced Phillips to a total of ten years' incarceration on the three charges. Phillips appeals, raising one assignment of error.
 {¶ 8} In his sole assignment of error, Phillips argues that the trial court erred by imposing consecutive sentences without setting forth the mandatory findings with supporting reasons as required by R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c), and without following the guidelines of R.C. 2929.12.
 {¶ 9} R.C. 2929.14(C) and R.C. 2919.14(E)(4) establish the public policy disfavoring maximum or consecutive sentences except for the most deserving offenders. See, State v. Edmonson (1999), 86 Ohio St.3d 324,328; State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 — 75471. "Consecutive sentences are reserved for the worst offenses and offenders." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, citingState v. Boland (2002), 147 Ohio App.3d 151, 162.
 {¶ 10} R.C. 2929.14(B) states that if an offender has not served a previous prison term, the trial court must impose the minimum sentence unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others."
 {¶ 11} An offender convicted of a third degree felony may be sentenced to a prison term of one, two, three, four, or five years. R.C.2929.14(A)(3). An offender convicted of a second degree felony may be sentenced to a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
 {¶ 12} In the instant case, the trial court sentenced Phillips, a first-time offender, to a prison term of four years for the second degree felony and a term of three years for each of the third degree felonies, to be served consecutively, for a total of ten years. Yet, the court never explained why it was imposing more than the minimum sentence for each of these offenses or made the findings required by R.C. 2929.14(B).
 {¶ 13} In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Ohio Supreme Court, interpreting R.C. 2929.14(B), explained that:
"Unless a court imposes the shortest term authorized on a felonyoffender who has never served a prison term, the record of the sentencinghearing must reflect that the court found that either or both of the twostatutorily sanctioned reasons for exceeding the minimum term warrantedthe longer sentence."
 {¶ 14} Here, not only had Phillips never served a prison term, the trial court noted on the record that Phillips had no prior history of criminal convictions and that this was the first time he had ever been charged with any crimes. The court never explained why the minimum sentence for these offenses would "demean the seriousness" of Phillips' conduct or would "not adequately protect the public from future crime by" Phillips. Indeed, the court stated that recidivism was "unlikely" because Phillips had "no criminal convictions." Therefore, because the record of the sentencing hearing does not reflect that the court found either or both of the two statutorily sanctioned reasons for exceeding the minimum term, we reverse and remand for resentencing.
 {¶ 15} We also find that consecutive sentences were improper. R.C. 2929.14(E)(4) requires a trial court to make three findings before prison terms may be imposed consecutively. The court may require the offender to serve the prison terms consecutively if the court finds [1] that consecutive service is necessary to protect the public from future crime or to punish the offender, and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offenderwas awaiting trial or sentencing, was under a sanction imposed pursuantto section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusualthat no single prison term for any of the offenses committed as part ofa single course of conduct adequately reflects the seriousness of theoffender's conduct.
 "(c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender."
 {¶ 16} Thus, R.C. 2929.14(E)(4) requires that the multiple terms not be disproportionate to the seriousness of the offender's conduct and the danger his conduct poses to the public; and the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C. 2929.14(E)(4)(a), (b), or (c).
 {¶ 17} Once the trial court has made a category finding, the trial court must give its reason for imposing consecutive terms. R.C.2929.19(B)(2)(c); Edmonson, 86 Ohio St.3d at 326. This court has interpreted Edmonson to require the sentencing judge to provide for the record both a "category finding" under R.C. 2929.14(C) and the reasons for that "category finding." State v. Berry, (Mar. 9, 2000), Cuyahoga App. Nos. 75470-75471.
 {¶ 18} "Reasons" mean the trial court's basis for its "findings." Id. The failure to provide such information is reversible error requiring resentencing. See R.C. 2953.08(G), as amended by H.B. 331.
 {¶ 19} Here, although the trial court stated that Phillips might be a recidivist because of his addiction, it also noted that Phillips had absolutely no prior criminal record. Because he had no criminal record, he did not commit these burglaries while on bail, awaiting sentencing, or while under any form of community control sanction.
 {¶ 20} The court also noted that Phillips demonstrated genuine remorse for having harmed the victims. Therefore, the recidivism factors were not present and the court failed to explain how consecutive sentences were necessary to protect the public, especially in light of the absence of any prior criminal record.
 {¶ 21} There is also insufficient evidence to support the court's finding that consecutive sentences are not disproportionate to the seriousness of Phillips' conduct. Phillips entered the apartments looking for cash. There was no evidence that he was armed or that he intended to cause physical harm to persons or property (other than steal cash). No one was physically harmed, and the total amount of money stolen in all of these burglaries was $248. When he was caught, Phillips fully cooperated with the police and confessed that he had also committed the other burglaries.
 {¶ 22} Although one of the victims was psychologically harmed, all victims are "harmed" when a burglar enters their home while they are present. The court failed to explain how this victim's psychological harm was more serious than harm caused by burglars in other cases. Moreover, R.C. 2929.14(E)(4) allows for consecutive sentences when the harm caused by the multiple offenses is so great or unusual that no single prison term adequately reflects the seriousness of an offender's conduct. If only one victim suffers more serious harm, the court may be justified in imposing a longer sentence for that particular offense, but the harm caused by a single offense, in and of itself, does not justify the imposition of consecutive sentences for all the offenses.
 {¶ 23} Therefore, we find the trial court's imposition of consecutive sentences fails to comply with the requirements of R.C.2929.14(E), R.C. 2929.19(B)(2)(c), and R.C. 2929.12.
 {¶ 24} Accordingly, the sole assignment of error is sustained. Phillips' sentence is vacated and the case remanded for resentencing in accordance with this opinion.
The sentence is vacated, and this cause is remanded for resentencing.
James J. Sweeney, J. Concurs; Michael J. Corrigan, P.J. Dissents.