JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jose A. Gonzalez (appellant) appeals from the trial court's decision sentencing him to 32 years in prison. After reviewing the facts of the case and pertinent law, we vacate appellant's sentence and remand the matter for resentencing.
 I. {¶ 2} On February 24, 2004, a Cuyahoga County grand jury returned a 90-count indictment against appellant, including 30 counts of rape of a minor under 13 years of age in violation of R.C. 2907.02; 30 counts of gross sexual imposition of a minor under 13 years of age in violation of R.C. 2907.05; and 30 counts of kidnapping in violation of R.C. 2940.147. Appellant pled not guilty. However, on June 22, 2004, he entered into a plea bargain with the state, pleading guilty to 12 counts of rape of a minor under 13 years of age, a first-degree felony, punishable by three to ten years imprisonment. On August 10, 2004, the court imposed a 32-year prison term, consisting of eight years on each count, with counts one through four to run consecutively.
 {¶ 3} The offenses appellant pled guilty to concern sexual encounters he had from April 2002 to April 2003 with a minor who was 11 years old at the onset and turned 12 during the relationship. Although the facts of this case were never tried, evidence was presented at the sentencing hearing, namely the presentence investigation report, a social worker who testified on behalf of the family and appellant's testimony on his own behalf.
 II. {¶ 4} In his first assignment of error, appellant argues that "the trial court erred in ordering the sentences on counts one, two, three and four to run consecutively to each other." Specifically, appellant argues that "the record wholly lacks any coherent reasoning" as to why consecutive terms of incarceration were imposed.
 {¶ 5} Pursuant to R.C. 2953.08(G)(2), the standard for an appellate court reviewing the imposition of a sentence is clear and convincing evidence as to whether the record supports the court's findings or the sentence is contrary to law. Clear and convincing evidence is evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale
(1991), 58 Ohio St.3d 121, 122.
 {¶ 6} In sentencing criminal defendants, Ohio courts may impose consecutive prison terms for multiple offenses only if the court makes certain findings pursuant to R.C. 2929.14(E)(4). According to the Ohio Supreme Court, those findings are as follows:
"A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)."
 {¶ 7} (Internal citations omitted; emphasis in original.)State v. Comer, 99 Ohio St.3d 463, 467-66, 2003-Ohio-4165. The pertinent parts of R.C. 2929.14(E)(4)(a) through (c) state the following: (a) whether "the offender committed * * * the multiple offenses while * * * awaiting trial or sentencing, * * * under a [court imposed] sanction * * * or * * * under post-release control for a prior offense"; (b) whether "no single prison term * * * adequately reflects the seriousness of the offender's conduct;" and (c) whether "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Additionally, R.C. 2929.19(B)(2) mandates the court to state its reasoning on the record for selecting the sentence imposed when the court orders consecutive sentences. See, also, State v.Phillips, Cuyahoga App. No. 82750, 2003-Ohio-5659 (holding that the court must "provide for the record both a `category finding' under R.C. 2929.14(C) and the reasons for that `category finding'") (citing State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470-75471). "Reasons" means the trial court's basis for its findings. The failure to provide such information is reversible error requiring resentencing. Id. Furthermore, R.C.2929.12(A) states that when a court exercises its discretion to sentence within Ohio's felony sentencing statutes, the court shall consider the seriousness of the conduct and recidivism factors listed in R.C. 2929.12(B) through (E).
 {¶ 8} In the instant case, the social worker testified to the following on behalf of the victim: "Okay. On behalf of the family, [the victim] has really been traumatized by what has gone on. She is in * * * a treatment facility and we do not know exactly when she will be getting out. But the family is really devastated by what has happened to her."[1] Additionally, appellant testified on his own behalf:
"THE COURT: Mr. Gonzalez, what do you have to say for yourself, sir?
"APPELLANT: Your Honor, I'm so sorry about everything that happened. If I would have known her real age, this would not have happened. And I feel sorry bad [sic] for my family.
"THE COURT: Irrespective of whether or not you knew the young woman's age, you had sex outside of the marriage, right?
"APPELLANT: Yes."[2]
 {¶ 9} The court then read into the record "the details of this offense as reported in the presentence report,"[3]
which consisted of the victim's statements as told to a social worker and case investigators. The victim's version of events differed from appellant's version. For example, the victim alleged that she and appellant had sexual relations 30 to 35 times; appellant testified that they had sexual relations four times, although he pled guilty to 12 counts of rape. Appellant claimed that the victim's mother introduced appellant to the victim and told appellant that the victim was 20 years old; the victim's statement makes no reference to how the relationship started, although she admits it was consensual.
 {¶ 10} After taking this evidence into consideration, the court made the following findings: that the victim had myriad problems, specifically that her mother acted inappropriately by letting her see pornographic videos and magazines;[4] that appellant, per stipulation, is a sexual predator who must verify his address with the sheriff every 90 days for the rest of his life; that he is an aggravated sexually-oriented offender, and the community where he lives post-release will be notified of his address; that appellant had sex with the victim "[b]y his own claim, maybe four times. By her recollection, it was 30 to 35 times";[5] that the victim was 11 and 12 years old at the time of the offense; that "[t]hese are very serious charges against a man who was married with two children, and for whatever reason he turned his back on his own community";[6] and that the victim "has so many problems that at some point [appellant] should have been aware of this child's problems. She couldn't have been right if this is how she was raised."[7]
 {¶ 11} The court then sentenced appellant to a 32-year prison term, stating the following:
"A minimum sentence and non-consecutive sentences would be inappropriate at this time for this offense for this defendant. We have to recognize that there needs to be protection for small children in this county and in this state. A minimum and non-consecutive sentence would minimize the seriousness of your behavior, taking advantage of a child who had suffered at the hands of her own family members and then again at your hands.
"* * * Again, a consecutive sentence is necessary to protect the public from future crime and/or punish the offender appropriately. The consecutive sentences are not disproportionate in nature to the seriousness of the offender's conduct and the danger the offender poses to the public.
"The offender committed multiple offenses against a single individual who was of tender years. The harm caused by the defendant by these multiple offenses was so great or unusual that this child is now in protective custody * * *. More likely than not, she will never recover completely from the acts committed against her not only by her family members but by this defendant, and that no single prison term for any offense committed will adequately reflect the seriousness of his conduct."[8]
 {¶ 12} In Comer, the Ohio Supreme Court held that a trial court must "clearly align each rationale with the specific finding to support its decision to impose consecutive sentences * * * so that an appellate court can conduct a meaningful review of the sentencing decision." Comer, supra at 468. Furthermore, consecutive sentences are reserved for the worst offenses and offenders. State v. Boland (2002), 147 Ohio App.3d 151, 162. In reviewing the instant case, it appears that the court read into the record the "buzz words" found in R.C. 2929.14(E)(4). However, as we held in State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, pursuant to Ohio's sentencing statutes, "the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations." See, also,State v. Gary (2001), 141 Ohio App.3d 194, 197 (holding that conclusory statements mimicking the sentencing statute's language are not enough to support the imposition of consecutive sentences).
 {¶ 13} In the instant case, the court cited the proper statutory language, but never applied that law to the facts of the case. For example, because appellant has no prior felony record, R.C. 2929.14(E)(4)(a) and (c) do not apply to him. Therefore, the court was required to find, and state on the record, the reasoning why subsection (E)(4)(b) applied to appellant. That subsection states "no single prison term * * * adequately reflects the seriousness of the offender's conduct." During appellant's sentencing hearing, the court stated the following: "A * * * non-consecutive sentence would minimize the seriousness of [appellant's] behavior"; "The consecutive sentences are not disproportionate in nature to the seriousness of the offender's conduct * * *"; and "no single prison term for any offense committed will adequately reflect the seriousness of his conduct." The only factual analysis that the court offered to justify appellant's sentence was that the victim suffered great or unusual harm by both appellant and her own family members.
 {¶ 14} Furthermore, in reviewing the reasoning factors relating to the seriousness of the offense and the likelihood of recidivism, we find insufficient evidence in the record to support a finding of consecutive sentences. For example, in relation to whether the instant offense was more serious than conduct normally constituting the offense, it is unclear whether harm to the victim was caused by appellant or by the victim's own mother; and the offense was not facilitated by appellant's position in the community, occupation, or relationship with the victim. On the other hand, as to whether appellant's conduct is less serious than conduct normally constituting the offense, the victim induced or facilitated the offense; the offender did not expect to cause harm; and there are grounds to mitigate his conduct. As to factors indicating appellant is likely to commit future crimes, appellant has no prior felony record; appellant was never adjudicated a delinquent child; there is no pattern of alcohol or drug abuse; and appellant did show genuine remorse on the record. As to factors showing appellant is not likely to commit future crimes, appellant has led a law-abiding life for a significant number of years, and the offense was committed under circumstances not likely to recur.
 {¶ 15} In short, the court failed to state why it is necessary to protect the public from appellant, why 8 years imprisonment will not adequately punish appellant or why appellant's conduct was serious enough to warrant this sentence. See State v. Anderson (2001), 146 Ohio App.3d 427 (holding that in assessing disproportionality, the sentencing court must explain why the selected number of years is not disproportionate to the seriousness of the offender's conduct and danger to the public); State v. Culp (May 25, 2001), Champaign App. No. 2000-CA-17 (holding that "[b]y sentencing this young defendant to an effective total of 26 years in prison, the trial court failed to reasonably consider the concept of rehabilitation"). Accordingly, we find merit to appellant's first assignment of error.
 III. {¶ 16} In his second assignment of error, appellant argues that "the trial court erred in imposing the sentence of eight years on each of the twelve counts of rape to which appellant pled guilty." Specifically, appellant argues that he has never previously served a prison term; therefore, there was a presumption that "the court shall impose the shortest prison term authorized for the offense," and the court made no findings to overcome this presumption. R.C. 2929.14(B)(2) states that the two findings to overcome this presumption are "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In sentencing an offender to more than the minimum prison term authorized by statute, the court need not state the reasoning behind its findings on the record. State v.Edmundson (1999), 86 Ohio St.3d 324. As stated earlier, a trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is unsupported by the record or contrary to law. The analysis for more than the minimum sentences under R.C. 2929.14(B) parallels and, at times, overlaps with the analysis for consecutive sentences under R.C.2929.14(E)(4).
 {¶ 17} In the instant case, taking into consideration the trial court's limited findings, there is simply no evidence on the record which supports the notion that a three-year prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime. The record before us includes a presentence investigation report, a brief statement from a social worker, appellant's statement and the court's conclusory findings. This record reveals that appellant has no prior convictions, either as a juvenile or an adult. Nothing in the record would lead one to believe that appellant is an offender who poses a likelihood of committing future crimes. This offense, while sexual in nature, was both consensual and nonviolent. Taken as a whole, this record is inadequate to support the imposition of more than the minimum sentence. Accordingly, appellant's second assignment of error is sustained.
 {¶ 18} Pursuant to App.R. 12(A)(1)(c), our ruling on assignments of error one and two renders appellant's third assignment of error moot.
 {¶ 19} Appellant's sentence is hereby vacated and this case is remanded for resentencing consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., Concur.
[1] Tr. at 18.
[2] Tr. at 23.
[3] Tr. at 23-24.
[4] The court went on to say, "I hope, in fact, that the mother is charged with some type of crime related to those activities." Tr. at 31.
[5] Tr. at 33.
[6] The victim alleged that appellant told her "Puerto Ricans were dumb," and that was why he wanted to have sexual relations with a black woman. Tr. at 33-34. Appellant denied saying this.
[7] Tr. at 34.
[8] Tr. at 35-36.