[Cite as *State v. White*, 2017-Ohio-1243.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| JOHNNY C. WHITE | Case No. 2016CA00107 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2015CR1481


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 31, 2017


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant

JOHN D. FERRERO,                       WAYNE E. GRAHAM, JR.
Prosecuting Attorney,                  4450 Belden Village St., N.W.
Stark County, Ohio                     Suite 703
                                       Canton, Ohio 44718
By: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1} Defendant-appellant Johnny C. White appeals his conviction and sentence entered by the Stark County Court of Common Pleas on one count of rape, in violation of R.C. 2907.02(A)(2). Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In 2015, S.H. was seventeen years-old and living with her mother and siblings in Alliance, Ohio. Her mother was incarcerated in August of 2015.

{¶3} S.H. met Appellant in a park. Appellant was twenty seven years-old and homeless. Appellant represented to S.H. he was nineteen years-old, and his entire family was deceased, including his children. Appellant gave S.H. a cell phone so he could talk to her. S.H. permitted Appellant to stay at her house on at least two occasions. S.H. and Appellant engaged in consensual sexual conduct, including digital penetration.

{¶4} Appellant's ex-girlfriend contacted S.H. informing her Appellant was in fact twenty seven years-old and had living children. The ex-girlfriend told S.H. everything Appellant had told to S.H. was a lie.

{¶5} On August 6, 2015, S.H. was home alone sitting on the front porch when Appellant walked past her home. S.H. maintains she did not want to talk to Appellant due to her conversation with his ex-girlfriend, and went inside. She prepared for bed in the bathroom, and when she came out Appellant was on the couch. Appellant pressured S.H. to have sex, and she said no. Appellant then put her on the floor, wrapped his arms around her arms, kissed her neck, and removed her pants and underwear. He then engaged in vaginal intercourse. S.H. maintains she told Appellant no, and he persisted wrapping his arms around her arms, and pressing his legs against her legs.

**{¶6}** In the morning, S.H. contacted the Alliance Police Department. S.H. underwent a rape examination. The Y-STR test detected a single male DNA profile consistent with Appellant's on the vaginal swab. The police contacted Appellant, who denied sexual conduct with S.H. Following the return of the DNA evidence, Appellant admitted to consensual sexual intercourse with S.H.

**{¶7}** Following a jury trial, Appellant was found guilty of rape, in violation of R.C. 2907.02(A)(2), and not guilty of aggravated burglary, in violation of R.C. 2911.11(A)(2).

**{¶8}** On May 13, 2015, the trial court sentenced Appellant to ten years in prison on the offense of rape. The trial court further designated Appellant a Tier III sex offender.

**{¶9}** Appellant appeals, assigning as error,

**{¶10}** "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

**{¶11}** "II. THE TRIAL COURT'S FINDING THAT APPELLANT IS A TIER III SEX OFFENDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

**{¶12}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶13}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

**{¶14}** Appellant was convicted of rape, in violation of R.C. 2907.02(A)(2), "(A)(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

**{¶15}** S.H. testified at trial when she came out of the bathroom on the night in question and found Appellant in her house, she was scared and Appellant kept saying he wanted to have sex. Tr. at 202. Appellant told her, "You know you want it." S.H. told Appellant she did not want to have sex, and told him to get off of her. Tr. 204. He then laid S.H. on the floor and started kissing and touching her leg. S.H. testified she tried to push his hand away, but he was too strong. Tr. at 203. When he took her pants off, Appellant engaged in vaginal intercourse. Id. S.H. testified Appellant's arms were completely around her, wrapped tight, and there was "no way of [her] getting out." Tr. at 207. S.H. eventually "gave up" testifying Appellant was too strong for her. Tr. at 205. On physical examination after the incident, S.H. had various marks on her neck and arms.

{¶16} During his interview with law enforcement, Appellant initially denied any sexual conduct with S.H. However, he later admitted to consensual sexual intercourse after the DNA evidence returned.

{¶17} Again, the weight of the evidence and the credibility of the witnesses rests with the trier of fact. Viewing the evidence in a light most favorable to the State, we find a reasonable jury could find the elements of rape proven beyond a reasonable doubt. We find Appellant's conviction was not against the manifest weight of the evidence, nor based upon insufficient evidence.

{¶18} The first assignment of error is overruled.

II.

{¶19} Appellant maintains the trial court's designation of Appellant as a Tier III sex offender subject to registration is against the manifest weight of the evidence. We disagree.

{¶20} R.C. 2950.01(G)(1)(a) requires the trial court designate an offender convicted of a sexually oriented offense a Tier III sex offender, by operation of law. The classification is based solely on the offense for which Appellant was convicted, and the trial court does not have discretion in imposing the classification on the offender. *Miller v. Cordray*, 184 Ohio App.3d 754, 2009-Ohio-3617.

{¶21} The second assignment of error is overruled.

{¶22} Appellant's conviction and sentence entered by the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur