[Cite as *State v. Thoma*, 2018-Ohio-4720.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-01-010 |
| Plaintiff-Appellee, | : | O P I N I O N<br>11/26/2018 |
| | : | |
| - vs - | : | |
| | : | |
| B.J.T., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR31930


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, OH 45036, for plaintiff-appellee

The Helbling Law Firm, LLC, John J. Helbling, 6539 Harrison Avenue, Box 124, Cincinnati, OH 45247, for defendant-appellant


**M. POWELL, J.**

{¶ 1}   Defendant-appellant, B.J.T., appeals his 28-year prison sentence in the Warren County Court of Common Pleas for sexually abusing his teenage daughter.

{¶ 2}   Appellant was indicted in 2016 on eight counts of sexual battery and seven counts of gross sexual imposition.  The state alleged that over the course of eight months, from September 2015 to April 2016, appellant sexually abused the victim by touching her

chest and buttocks and by digitally penetrating her vagina. At the time of the offenses, the victim was 15 years old. Appellant waived his right to a jury trial and the matter proceeded to a bench trial in October 2017.

{¶ 3} At trial, the victim testified that appellant first sexually abused her in September 2015 as she was lying on the floor of their living room. Appellant touched her buttocks and digitally penetrated her vagina. After she moved to a chair, appellant faced her by putting his hands on the arms of the chair, told her he was sorry and that "it wouldn't happen again," and told her she "better not tell anyone what happened." Appellant, who is 6' 2'' tall and weighs 325 pounds, was holding a pocket knife. The victim testified she was scared.

{¶ 4} A second incident occurred a few nights later, when appellant came into the victim's bedroom in the middle of the night. The victim awoke to find appellant's hand between her legs with his fingers inside her vagina. Appellant was kneeling by her bed, dressed only in his underwear, and was holding a flashlight. The victim testified that appellant digitally penetrated her vagina in that manner "a couple of times a week" until she reported the sexual abuse on April 21, 2016, after yet another incident. On all of those occasions, appellant would also touch the victim's buttocks and chest. The abuse always occurred in her bedroom during the early morning hours. Appellant would either have a flashlight or use his cellphone as a light. Except on one occasion, appellant always came with his pocket knife which he either placed on the victim's dresser or on her bed near her.

{¶ 5} On April 21, 2016, following appellant's latest sexual abuse, the victim texted appellant on her way to school and told him that it was not okay for him to do those things to her, that it was not the first time he had done it, and that she was going to disclose the abuse to her mother. In a series of texts, appellant apologized for his actions, promised not to do it again, admitted that what he did was wrong, and begged the victim not to tell anyone.

Once at school, the victim disclosed the abuse to a friend, a teacher, and the principal.

{¶ 6} While being interviewed by the police, appellant denied penetrating the victim's vagina but admitted he touched her "in places she shouldn't be touched." He further admitted he touched her breasts and her vaginal area "skin to skin" with his hands. Appellant stated he had touched the victim "maybe once a week for the last couple months," with the most recent time being the night before. He told the detectives that the incidents occurred in the victim's bedroom in the middle of the night and that he used the light on his cellphone to see.

{¶ 7} At trial, appellant denied digitally penetrating the victim's vagina but admitted he touched her inappropriately on April 21, 2016, when he pulled her underwear to the side and put his fingers behind the underwear and "there was contact." He further admitted touching the victim on two other occasions, once by sticking his hand between her legs and once by "pull[ing] her bra back over and pull[ing] her shirt back over." Appellant claimed the touching was accidental on both occasions. The recordings of his phone calls to family members while he was in jail were admitted into evidence. During these phone calls, appellant admitted he "did something really bad" and that he "touched [the victim] inappropriately."

{¶ 8} After hearing the foregoing testimony, the trial judge found appellant guilty as charged. The trial judge ordered that a presentence investigation report ("PSI") be prepared and set the matter for sentencing. However, due in part to conflicts in the trial judge's schedule, appellant could not be sentenced by the trial judge prior to the expiration of his judicial term. Therefore, in December 2016, appellant was sentenced by a different common pleas court judge (the "sentencing judge").

{¶ 9} At the sentencing hearing, the sentencing judge indicated that he had reviewed the PSI, the exhibits introduced at trial, and the trial judge's personal trial notes.

The sentencing judge heard a prepared statement from the victim and heard from the victim's mother and the state. The state stipulated that the gross sexual imposition and sexual battery convictions were allied offenses of similar import and elected to proceed on the sexual battery offenses. The state recommended consecutive 36-month prison terms on each of the sexual battery convictions, for a total prison term of 24 years. After hearing the foregoing, the sentencing judge classified appellant as a Tier III sex offender and sentenced him to 42 months in prison on each of the sexual battery counts. He then ordered that the prison terms run consecutively for a total prison term of 28 years.

{¶ 10} Appellant appealed his conviction and sentence. On December 4, 2017, we upheld appellant's conviction but reversed his sentence and remanded the matter for resentencing. *State v. B.J.T.*, 12th Dist. Warren No. CA2016-12-106, 2017-Ohio-8797. We held that the sentencing judge erred in relying on the trial judge's personal notes in attempting to familiarize himself with the case, rather than reviewing the trial transcript, and that the error was prejudicial to appellant's substantial rights relative to sentencing. *Id.* at ¶ 44-45.

{¶ 11} On December 22, 2017, the trial court held a resentencing hearing. The trial court indicated it had read the trial transcript and reviewed the PSI, appellant's statements to the police, appellant's recorded phone calls to his family while he was in jail, the statements from the victim and her mother, and defense counsel's sentencing memorandum. The PSI indicated that appellant had no prior criminal history and that he presented a moderate risk of recidivism.

{¶ 12} In support of a five-year prison sentence based upon concurrent prison terms, defense counsel argued that appellant had no criminal record, was previously found by the sentencing judge to present no risk of recidivism, was not a monster, and had simply lost his way. Defense counsel further presented an analysis of 263 reported cases involving

offenders sentenced for at least one sexual battery conviction. Defense counsel argued that a 28-year prison sentence was "far harsher than necessary to accomplish the goals of felony sentencing" and inconsistent with sentences for sexual battery convictions in other similar cases. Appellant then addressed the trial court, acknowledged he had "made a huge mistake," and apologized to his family and the victim.

{¶ 13} Upon considering the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, and reviewing the PSI, the trial court sentenced appellant to 42 months in prison on each of the eight counts of sexual battery, and ordered that the prison terms run consecutively for a total prison term of 28 years. Regarding recidivism, the trial court found that it was unlikely that appellant would reoffend and that "from that aspect, I find your chance of recidivism moving forward is * * * almost zero." However, the trial court also found that had the victim not disclosed the sexual abuse, appellant's behavior would likely have continued. Regarding the seriousness of the offense, the trial court found it significant that the victim was 15 years old, that a pocket knife was present during all but one incident, and that the abuse occurred multiple times over eight months in the victim's bedroom and bed. The court further found the parental relationship between appellant and the victim to be a significant seriousness factor.[1]

{¶ 14} Appellant now appeals, raising one assignment of error:

{¶ 15} THE TRIAL COURT'S SENTENCING DEFENDANT-APPELLANT TO 28 YEARS IS NOT SUPPORTED BY THE RECORD AND IS CONTRARY TO LAW.

{¶ 16} Appellant challenges his 28-year prison sentence, arguing that the imposition of consecutive prison terms is contrary to law and/or not supported by the record, and is inconsistent with sentences imposed for sexual battery convictions in numerous other

---

1. The record indicates that appellant adopted the victim when she was five years old. At the time of the incidents, appellant, the victim, her mother, and a sibling all lived in the same house.

similar cases. Appellant further challenges his Tier III sex offender classification.

{¶ 17} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Aburas*, 12th Dist. Clermont No. CA2017-10-054, 2018-Ohio-1984, ¶ 9.

{¶ 18} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 20} Appellant was convicted of sexual battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree. The prison term for a third-degree felony that is a violation of R.C. 2907.03 ranges from 12 to 60 months, in six-month increments. R.C. 2929.14(A)(3)(a). Thus, appellant's 42-month prison term for each of his sexual battery convictions was in the middle of the sentencing range for a third-degree felony.

{¶ 21} The record reflects that the trial court made the requisite R.C. 2929.14(C)(4) findings during the sentencing hearing and in its sentencing entry when it imposed consecutive sentences for an aggregate 28-year prison sentence. Specifically, the trial court found that the consecutive sentences were necessary to protect the public and punish appellant; the sentences were not disproportionate to the seriousness of appellant's conduct or the danger posed by appellant; and the offenses were committed as part of a course of conduct and the harm caused by the offenses was so great that no single prison

term adequately reflected the seriousness of appellant's conduct. Appellant's consecutive sentences are therefore not contrary to law. *Marshall*, 2013-Ohio-5092 at ¶ 8.

{¶ 22} We note that in challenging his sentence, appellant alleges that "the trial court went out of its way to mention the 'additional layer of shall we say victimization' caused because witnesses had to testify." However, the trial court never uttered that statement at the resentencing hearing. Rather, the trial court made the statement at the original sentencing hearing. Furthermore, in resentencing appellant, the trial court specifically stated it was not punishing him for exercising his right to a trial. We now turn to appellant's specific arguments.

{¶ 23} Appellant challenges his 28-year prison sentence, arguing that the imposition of consecutive sentences is not supported by the record. Specifically, appellant asserts that the trial court (1) "offered no rationale for its consecutive sentences," (2) improperly considered appellant's relationship with the victim, and (3) improperly assumed that appellant's behavior would have continued had the victim not reported it. Appellant further asserts that the record does not support the trial court's findings that the harm caused was so unusual or that consecutive sentences were necessary to protect the public.

{¶ 24} As stated above, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but "has no obligation to state reasons to support its findings." *Bonnell*, 2014-Ohio-3177 at ¶ 37. The trial court was therefore not required to offer a "rationale for its consecutive sentences." Appellant cites a decision of the Eighth Appellate District for the proposition that a trial court must state its reasons supporting the R.C. 2929.14(C)(4) findings. *See State v. Phillips*, 8th Dist. Cuyahoga No. 82750, 2003-Ohio-5659. However, *Phillips* was decided at a time when R.C. 2929.19(B)(2)(c) required sentencing courts to give their reasons for imposing consecutive sentences. The statute has since been

amended to delete that requirement. *Phillips* is therefore inapplicable.

**{¶ 25}** Appellant next asserts that the trial court improperly considered his parental relationship with the victim because such relationship is an element of the sexual battery offense under R.C. 2907.03(A)(5). Appellant is correct that the state had to prove that he was the victim's "natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." However, as the Fourth Appellate District held,

> [R.C. 2907.03] no longer designates certain forms of the offense as more serious than others. Rather, each form of the offense is treated equally with regards to its level of seriousness. Given this equal statutory treatment, we do not think it is improper for trial courts to conclude that some forms of sexual battery are more serious than others.
>
> Additionally, R.C. 2907.03(A)(5), the subsection under which [appellant] was charged, covers a variety of different relationships. It applies when the offender is the victim's biological parent, adoptive parent, stepparent, guardian, custodian, or person in loco parentis. R.C. 2907.03(A)(5). Thus, the exact nature of the relationship between the offender and the victim may be relevant to whether the offender committed the worst form of the offense.

*State v. Jewell*, 4th Dist. Washington No. 03CA27, 2004-Ohio-1294, ¶ 16-17.

**{¶ 26}** As the victim's adoptive parent, appellant had greater access to the victim and opportunity to abuse her, thereby facilitating the sexual abuse and its frequency over the course of several months. His relationship with the victim further facilitated his efforts to avoid detection by keeping her quiet about the abuse. As the victim's adoptive parent, appellant was responsible for her health, welfare, and safety. Instead, he sexually abused her, betrayed her trust, and played on her guilt. The trial court, therefore, did not err in considering appellant's relationship with the victim in imposing consecutive sentences.

**{¶ 27}** Appellant next asserts that the trial court improperly assumed that appellant's behavior would have continued had the victim not reported it. We find no error. The record indicates that the victim had complained to appellant about what he was doing and that he

promised to stop, yet continued to sexually abuse her. Likewise, on the day the victim informed appellant she was going to disclose the abuse, he repeatedly promised to stop his behavior, texting her, "never again," "please trust me when I tell you that this will never happen again," and "give me one last opportunity." This evidence supports the trial court's finding that the abuse would have continued had the victim not reported it.

{¶ 28} Appellant next asserts that the record does not support the trial court's findings that the harm caused was so unusual or that consecutive sentences were necessary to protect the public.

{¶ 29} We first note that the trial court did not find that the harm caused was unusual; rather, the trial court found that the harm caused was "so great that no single prison term adequately reflects the seriousness of this case." Given the fact that appellant repeatedly sexually abused the victim, a child he had adopted when she was five years old, over several months, in her bedroom and bed, and with his pocket knife nearby, the evidence supports the trial court's finding that the harm caused was great. Nevertheless, appellant takes issue with the trial court's failure to "cite to any sources as to the impact on the victim regarding psychological harm." However, the trial court indicated at resentencing that it had reviewed the statements from the victim and her mother.

{¶ 30} Appellant further asserts that the record does not support the trial court's finding that consecutive sentences were necessary to protect the public because the trial court also found that appellant was unlikely to commit future crimes and that his risk of recidivism was almost zero.

{¶ 31} While appellant has no prior criminal history and the trial court made the foregoing findings, the PSI indicates that appellant did not show remorse for his actions, did not believe he should be involved in any type of treatment services, and tried to make insinuations about the victim and her mother, stating that "there was more to the story than

everyone knew." The PSI further indicates that appellant rationalized and minimized his behavior as being a "mistake" spurred by his curiosity after he heard that the victim "had a piercing down where she shouldn't." Appellant further blamed his behavior on the victim for "walking around the house in her underwear and hanging out in the living room without clothes on." The foregoing plainly indicates that appellant failed to accept responsibility for and recognize the wrongfulness of his conduct. The trial court, therefore, did not err in finding that consecutive sentences were necessary to protect the public from such an offender.

{¶ 32} In light of the foregoing, we find that the record supports the trial court's determination that imposing consecutive sentences is commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public.

{¶ 33} Appellant further challenges his 28-year prison sentence, arguing that his sentence is grossly disproportionate to both his convictions and to sentences imposed for similar or worse offenses in numerous other cases. Specifically, appellant asserts that a review of more than 250 Ohio cases involving defendants who were sentenced for at least one R.C. 2907.03(A)(5) sexual battery conviction reveals that courts typically impose sentences of 11 years or less.

{¶ 34} "Consistency * * * relates to the sentences in the context of sentences given to other offenders; whereas proportionality relates solely to the punishment in the context of the offender's conduct, i.e., does the punishment fit the crime." *State v. Blevins*, 8th Dist. Cuyahoga No. 106115, 2018-Ohio-3583, ¶ 38. Based upon our analysis above, we find that appellant's 28-year prison sentence is not disproportionate to his convictions.

{¶ 35} Pursuant to R.C. 2929.11(B), felony sentences shall be "consistent with sentences imposed for similar crimes committed by similar offenders." However, consistency in sentencing does not mean uniformity. *State v. Graham*, 12th Dist. Warren

No. CA2013-07-066, 2014-Ohio-1891, ¶ 14. "A consistent sentence is not derived from a case-by-case comparison, but from the trial court's proper application of the statutory sentencing guidelines." *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239, ¶ 49. "Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh statutory factors." *State v. Hyland*, 12th Dist. Butler No. CA2005-05-103, 2006-Ohio-339, ¶ 29. Therefore, in order for an offender to successfully claim inconsistent sentencing, the offender "must demonstrate that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 16.

{¶ 36} In support of his argument, appellant cites several cases where defendants convicted of sexual battery received shorter sentences than appellant. However, a defendant cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is inconsistent. *State v. Silknitter*, 3d Dist. Union No. 14-16-07, 2017-Ohio-327, ¶ 19. *See also State v. Saur*, 10th Dist. Franklin No. 10AP-1195, 2011-Ohio-6662; *State v. Lane*, 2d Dist. Montgomery No. 27347, 2018-Ohio-1320; and *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987. Rather, the defendant must show that the trial court failed to properly consider the statutory sentencing factors and guidelines in R.C. 2929.11 and 2929.12. *Geldrich* at ¶ 16. The record reflects that the trial court properly considered all relevant sentencing factors under R.C. 2929.12 as well as the purposes and principles of R.C. 2929.11, weighed them, and applied them accordingly. Accordingly, appellant has failed to establish that his sentence is inconsistent with sentences imposed for sexual battery convictions in other cases.

{¶ 37} Finally, appellant challenges his sex offender classification, arguing that

because there is little likelihood he will reoffend, "the public is not in danger and there is no need for him to register as a sex offender."

{¶ 38} Appellant was convicted of sexual battery in violation of R.C. 2907.03(A)(5). R.C. 2950.01(G)(1)(a) requires a trial court to designate an offender convicted of a sexually oriented offense in violation of R.C. 2907.03 a Tier III sex offender, by operation of law. The sex offender classification is based solely upon the offense for which appellant was convicted, and the trial court did not have discretion in imposing the classification on appellant. *State v. White*, 5th Dist. Stark No. 2016CA00107, 2017-Ohio-1243, ¶ 20.

{¶ 39} Appellant's assignment of error is overruled.

{¶ 40} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.