[Cite as *State v. B.J.T.*, 2019-Ohio-1049.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-062 |
| | : | O P I N I O N |
| - vs - | | 3/25/2019 |
| | : | |
| B.J.T., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR31930

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio, 45036, for appellee

Jennifer M. Kinsley, P.O. Box 19478, Cincinnati, Ohio 45219, for appellant

**RINGLAND, P. J.**

{¶ 1} Defendant-appellant, B.J.T., appeals a decision of the Warren County Court of Common Pleas denying his petition for postconviction relief. For the reasons detailed below, we affirm.

{¶ 2} Appellant was indicted on eight counts of sexual battery and seven counts of gross sexual imposition. The charges arose out of allegations that appellant sexually abused the victim over the course of eight months when she was 15 years old. Appellant was

alleged to have engaged in sexual contact and conduct with the victim by touching her chest and buttocks and by digitally penetrating her vagina.

{¶ 3} The matter proceeded to a bench trial. The trial court found appellant guilty on all counts. Pursuant to stipulation, the trial court merged the gross sexual imposition counts into the sexual battery counts. The trial court imposed a prison term of 42 months on each count of sexual battery and ordered those terms be served consecutively for a total prison term of 28 years.

{¶ 4} Appellant filed a direct appeal. This court affirmed the trial court's decision in part, and reversed in part, and remanded the case for the limited purpose of resentencing. *State v. B.J.T.*, 12th Dist. Warren No. CA2016-12-106, 2017-Ohio-8797, ¶ 51. The Ohio Supreme Court declined review. *State v. B.J.T.*, 152 Ohio St. 3d 1464, 2018-Ohio-1795.

{¶ 5} The trial court resentenced appellant on December 22, 2017. The trial court again imposed a 28-year-prison sentence. Appellant appealed his sentence and this court affirmed. *State v. B.J.T.*, 12th Dist. Warren No. CA2018-01-010, 2018-Ohio-4720, ¶ 40. The same day appellant appealed his sentence, he also filed a petition for postconviction relief. Following review, the trial court denied appellant's petition for postconviction relief. Appellant now appeals from the denial of his petition for postconviction relief, raising two assignments of error for review:

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN DISMISSING THE INEFFECTIVE ASSISTANCE AT TRIAL CLAIM IN [APPELLANT'S] POST-CONVICTION PETITION ON RES JUDICATA GROUNDS, BECAUSE THE CLAIMS RELIED UPON EVIDENCE OUTSIDE THE RECORD.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] INEFFECTIVE

ASSISTANCE IN PLEA BARGAINING CLAIM.

{¶ 10} We will address appellant's assignments of error together. Appellant argues the trial court erred by denying his petition for postconviction relief on the basis that he received ineffective assistance of counsel. We disagree.

{¶ 11} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8. Under R.C. 2953.21(C) "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶ 12} In the present case, the trial court denied appellant's petition for postconviction relief based on principles of res judicata. However, in considering the case history, and in the interest of justice, we will address the merits of appellant's claim. *State v. Adams*, 12th Dist. Butler No. CA2010-12-321, 2011-Ohio-1721, ¶ 22 (we will not reverse a judgment even if it is "based on erroneous reasoning if that judgment is otherwise correct, that is, it achieves the right result for the wrong reason").

{¶ 13} Appellant argues that his attorney failed to present the testimony of several witnesses who he believes would have helped to "undercut the narrative" told by the victim and her mother during trial. In attempting to substantiate his claim, appellant submitted affidavits from witnesses who averred that appellant had a positive relationship with the victim. Appellant also seeks to diminish the credibility of the victim's mother by claiming that she is an erratic alcoholic. Furthermore, appellant submitted bank statements, which appellant argues, shows that the victim's mother took the victim on "an expensive shopping

spree" after she reported the sexual encounters.

{¶ 14} In addition to his arguments attempting to diminish the credibility of the victim and her mother, appellant also alleges that his counsel was deficient for failing to subpoena a medical examiner or expert witness to address reasons why the victim did not have any visible physical injuries. Appellant also argues that his trial counsel provided inadequate representation during plea bargaining, as he failed to request a polygraph examination, which appellant maintains, "could have been useful in convincing the [s]tate to permit a plea bargain to lesser charges."

{¶ 15} It is well-established that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. In a postconviction petition asserting ineffective assistance of counsel, the petitioner must first show that "his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial." *State v. Widmer*, 12th Dist. Warren CA2012-02-008, 2013-Ohio-62, ¶ 132. A petitioner's failure to satisfy either prong is fatal to an ineffective assistance of counsel claim. *State v. Ayers*, 12th Dist. Warren Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719, ¶ 49. A trial court's decision resolving a postconviction claim of ineffective assistance of counsel will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence. *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 14.

{¶ 16} Following review, we find the trial court did not err by denying appellant's petition for postconviction relief. Appellant's arguments are entirely speculative and amount to nothing more than an attempt to relitigate this matter utilizing a different trial strategy.

{¶ 17} As to the failure to call certain witnesses regarding appellant's relationship with

the victim and the victim's mother, we note that a decision regarding whether or not to call witnesses falls within the ambit of trial strategy. *State v. Robinson*, 12th Dist. Butler No. CA2014-12-256, 2015-Ohio-4649, ¶ 51. In this case, appellant fails to establish either prong of his ineffective assistance claim. There is little probative value to any evidence that appellant once shared a strong relationship with the victim, as the issue at trial was whether appellant had sexually abused her, a fact that appellant did not dispute during interviews with law enforcement. Furthermore, we decline to find ineffective assistance of counsel for appellant's attempt in this appeal to diminish the credibility of the victim's mother.

{¶ 18} We similarly find that appellant's trial counsel was not ineffective for failing to obtain a medical expert. It is well-established that medical testimony is not necessary to prove a sexual assault and, oftentimes, victims will have no symptoms of physical injury. *See, e.g., State v. Hall*, 12th Dist. Butler No. CA2012-01-014, 2013-Ohio-4427, ¶ 33 (the fact that a victim's medical exam was "normal" is not determinative of whether she was sexually abused). Here, the allegation is that appellant digitally penetrated the victim over a period of time. Physical injury was not required, nor would the lack of physical injury be necessarily probative in light of the allegations. As a result, appellant's counsel was not ineffective for failing to obtain a medical expert or go into further detail regarding the medical report.

{¶ 19} Finally, appellant's counsel was not ineffective for failing to request a polygraph examination, as such a decision was a matter of reasonable trial strategy. Concerns regarding a polygraph examination may very well have been more pronounced in this case, as appellant had already made several incriminating admissions. As we addressed in appellant's direct appeal, the evidence to support appellant's convictions was overwhelming. In text messages exchanged with the victim, appellant begged the victim not to tell anyone. Appellant promised "[a]bsolutely never will I be so f****** stupid again" and pleaded with the victim to "trust me when I tell you that this will never happen again." Appellant also admitted

he made a "mistake" and touched the victim "in places she shouldn't be touched." Appellant admitted that he touched the victim's breasts and her vaginal area "skin to skin" with his hands. He stated he had touched the victim "maybe once a week for the last couple months," with the last time being "last night." He told detectives that the incidents occurred in the victim's bedroom in the middle of the night and that he used the light on his cellphone to see. Appellant made additional admissions in jailhouse phone calls where he admitted to family members that he "touched [the victim] inappropriately" and that "she's not making anything up. It's not her fault."

{¶ 20} Moreover, appellant can present no evidence that the state would have agreed to reduced charges had he taken a polygraph examination. As a result, we find the trial court did not err by denying appellant's petition for postconviction relief, as he fails to set forth sufficient operative facts to establish substantive grounds for relief. Appellant's first and second assignments of error are overruled.

{¶ 21} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.


**PIPER, J., concurring separately.**

{¶ 22} Petitioner asserts that any potential testimony not presented at trial produces information de hors the record and renders his postconviction relief claim immune from res judicata. This is incorrect. Upon reviewing the content of the affidavits the trial court was correct in its application of res judicata and petitioner was not entitled a hearing on his petition, as he attempts to assert.

{¶ 23} Res judicata bars a petitioner from "re-packaging" issues regarding information that could have been used earlier at trial or issues that could have been presented on direct appeal. *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 15. Any

information de hors the record must be competent, relevant, and material. Id. Potential testimony considered outside the record can be barred by res judicata if "marginally significant." *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 22.

{¶ 24} Here, the suggestion that trial counsel should have used a different but questionable approach in attacking the state's witnesses is not competent, relevant, and material. Instead, the extent and manner of cross-examining witnesses are tactical matters of trial strategy that this court has no reason to second-guess. Furthermore, the information alleged in the affidavits is "marginally significant."

## No New Information

{¶ 25} The record clearly indicates that none of the information in the affidavits is new information. Two of the affiants clearly indicate that they talked with trial counsel before trial, and none of the affidavits allege the information was not known or not available at the time of trial. The affidavits only infer that a different approach in attacking the credibility of the victim, and the victim's mother, might have been available and might have had an effect upon the trial judge. Petitioner suggests that since there were not attempts to obtain potential testimony, known to petitioner at the time of trial, such testimony is de hors the record and therefore his petition is automatically immune from application of res judicata. This is simply an unacceptable proposition and not supported by law.[1]

{¶ 26} Information contained within affidavits can be technically crafted as outside the record, yet that alone does not avoid the application of res judicata because the information must not have been available for use at the time of trial. *State v. Jones*, 8th Dist. Cuyahoga, 2004-Ohio-386. Res Judicata may not apply when the new evidence didn't exist at the time

---

1. Withholding the use of known information, or the use of a known witness in a criminal trial and avoiding the issue on direct appeal, cannot be condoned as a strategy to obtain a third bite of the apple through the civil proceedings of postconviction relief.

of trial or was otherwise unavoidably unobtainable for use. *State v. Davis*, 10th Dist. Franklin No. 13AP-98, 2014-Ohio-90, ¶ 22.

## Marginally Significant Approach

{¶ 27} We need only examine the affidavits to see they are marginally significant. Petitioner's new strategy for challenging the state's witnesses merely involves potential testimony that might reveal:

(1) At times the victim appeared to have a positive or "loving" relationship with the petitioner when in the presence of other people; and acted "normal" at times;

(2) The victim at times acted immaturely, or inappropriately, as perceived by petitioner's friends and self-proclaimed "tight-knit" relatives;

(3) Some would say the victim did not behave, in their opinion, as one should if sexually abused;

(4) The victim's mother had an unstable and physically combative relationship with petitioner which petitioner's friends and "tight-knit" family would suggest was due, in part, to the Mother's "alcohol problem" and Mother's vindictiveness;

(5) One affiant "knows" there are bank records to confirm shopping sprees (although no such records were attached to the petition).

{¶ 28} Some of this testimony was, in fact, referenced at the trial; some was excluded by the court; and much is inadmissible hearsay or otherwise inadmissible as irrelevant, collateral, or of little probative value. Merely alleging that trial counsel could have used a different approach in his efforts to discredit the state's witnesses does not make the petition for postconviction relief impervious to the application of res judicata.[2]

---

2. Furthermore, evidence de hors the record must demonstrate that claims of ineffective assistance of counsel could not have been raised on appeal. *State v. Dixon*, 10th Dist. Franklin No. 03-AP-564, 2004-Ohio-3374, ¶ 11. Otherwise, alleged errors based upon the use of known witnesses not used at trial must be raised on direct appeal. *Id.* at ¶ 12. Petitioner speculates as to the rationale that would have resulted if an ineffective assistance of counsel issue had been raised on direct appeal. Unfortunately, we will never know since the issue was not raised on direct appeal.

**Conclusion**

**{¶ 29}** Postconviction relief proceedings are neither a substitute for a direct appeal nor an opportunity to relitigate a defendant's conviction. The trial court is not obligated to accept affidavits in postconviction relief proceedings on their face value as material or credible. *See State v. Callhoun*, 86 Ohio St.3d 279, 284 (1999); and *State v. Madsen*, 8th Dist. Cuyahoga No. 84117, 2005-Ohio-385, ¶ 4 (issues that could have been raised at trial, i.e. attacking witness credibility, may be barred by res judicata and the trial court is under no obligation to accept the veracity of affidavits).

**{¶ 30}** Here, the affidavits are of marginal significance because they only attempt to produce a different strategy for challenging the state's witnesses much of which appears inadmissible. A different strategy for impeachment would have had no greater likelihood of success than the strategy originally employed by trial counsel and petitioner does not demonstrate otherwise in the affidavits presented.

**{¶ 31}** Petitioner's affidavits are insufficient to avoid the application of res judicata where the allegations outside the record appear contrived opinions and innuendos, especially when weighed against the competent, credible evidence in the record. Furthermore, petitioner cannot demonstrate the information was unavailable at the time of trial or that a constitutional claim for ineffective assistance of counsel could not have been made upon direct appeal.

**{¶ 32}** Therefore, the trial court was correct in its use of res judicata, and I diverge from the majority opinion in that respect alone. In all other ways, I concur in the majority's rationale in affirming the trial court.