[Cite as *State v. Collins*, 2013-Ohio-3485.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-11-115 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>8/12/2013 |
| - vs - | : | |
| | : | |
| BRADLEY COLLINS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 10CR27056

David Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas W. Kidd, Jr., P.O. Box 231, Harveysburg, Ohio 45032, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Bradley Collins, appeals from the Warren County Common Pleas Court's judgment that overruled his request to be resentenced under the provisions in House Bill 86 and dismissed, for lack of jurisdiction, his motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's decision not to apply the provisions in H.B. 86 in resentencing Collins but reverse its decision to dismiss his motion to withdraw his guilty plea, and remand this matter to the trial court with instructions that it rule

on Collins' motion as a *postsentence* motion to withdraw his guilty plea.

{¶ 2} On July 28, 2011, Collins pled guilty to a reduced charge of trafficking in marijuana, a third-degree felony. The trial court accepted Collins' plea and sentenced him to five years in prison and imposed court costs against him. However, at the sentencing hearing, the trial court did not advise Collins that his failure to pay the court costs could result in the trial court's ordering him to perform community service in lieu of those costs.

{¶ 3} Collins appealed to this court, arguing that his sentence was clearly and convincingly contrary to law because the trial court failed to advise him, as required under R.C. 2947.23(A)(1), that community service could be imposed on him if he failed to pay the court costs. This court found that the issue regarding the trial court's failure to advise him about court costs was not "ripe for review" since there was no issue regarding the consequences of nonpayment of court costs presently before the court. *State v. Collins*, 12th Dist. Warren No. CA2011-08-083 (Jan. 30, 2012) (Accelerated Calendar Judgment Entry). Collins appealed this court's decision to the Ohio Supreme Court, which reversed our decision and remanded the matter to us for application of its decision in *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781. *State v. Collins*, 132 Ohio St.3d 127, 2012-Ohio-2576, ¶ 1.

{¶ 4} On remand, this court noted that, under R.C. 2947.23(A)(1), a trial court must notify a defendant, at the time of sentencing, that the failure to pay court costs could result in the trial court ordering the defendant to perform community service. *State v. Collins*, 12th Dist. Warren No. CA2011-08-083 (July 31, 2012) (Judgment Entry), ¶ 2. We also noted that "[b]ecause the notice is mandatory, the imposition of costs without the necessary notification renders the sentence contrary to law." *Id.* at ¶ 3. As a result, we determined that Collins was entitled to be resentenced. *Id.* Therefore, we ruled that Collins' sole assignment of error in his direct appeal was "well-taken and sustained to the extent the court costs imposed are hereby vacated[,]" and that "[f]or this reason, the trial court's judgment is reversed and this

cause is remanded for resentencing in compliance with R.C. 2947.23(A)(1)."

{¶ 5} During the pendency of Collins' first appeal, H.B. 86 went into effect on September 30, 2011. Under it, the maximum term for third-degree felonies was reduced from five years to 36 months.

{¶ 6} Shortly before he was to be resentenced, Collins filed a motion to withdraw his guilty plea, arguing that his plea had not been made knowingly, intelligently and voluntarily and that his trial counsel provided him with ineffective assistance when he advised him that he would be permitted to file for judicial release. Additionally, Collins argued that his motion to withdraw his guilty plea "should be treated as being made prior to sentencing."

{¶ 7} At his October 16, 2012 resentencing hearing, Collins argued that, under R.C. 1.58, he could not be sentenced to any more than 36 months in prison because (1) his initial sentence was void as a result of the trial court's failure to comply with the statutory sentencing requirement of properly advising him about the consequences of failing to pay court costs; and (2) he was being resentenced after September 30, 2011, the effective date of H.B. 86. The trial court rejected Collins' argument and re-imposed the five-year sentence it had originally imposed on him for his third-degree felony conviction. The trial court also advised Collins that he could be ordered to perform community service if he should fail to pay the court costs. On November 14, 2012, Collins filed a notice of appeal from the trial court's judgment.

{¶ 8} On January 24, 2013, the trial court issued an order denying Collins' motion to withdraw his guilty plea on the ground that, under *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978) and its progeny, once an appeal is taken from its judgment, a trial court is divested of jurisdiction over the matter except as to issues not inconsistent with the appellate court's authority to review, affirm, modify or reverse the judgment. The trial court concluded that, in light of the procedural

posture of the case, it could not rule on Collins' motion to withdraw his guilty plea without taking action that would be inconsistent with this court's authority to review, affirm, modify or reverse the judgment.

{¶ 9}   Collins now appeals, assigning the following as error:

{¶ 10} Assignment of Error No. 1:

{¶ 11} "THE TRIAL COURT ERRED IN NOT SENTENCING MR. COLLINS PURSUANT TO THE NEW SENTENCING RANGE FOR FELONIES OF THE THIRD DEGREE.

{¶ 12} Assignment of Error No. 2:

{¶ 13} "THE TRIAL COURT ERRED IN FAILING TO RULE ON MR. COLLINS'S MOTION TO WITHDRAW A GUILTY PLEA PRIOR TO HIS SENTENCING HEARING."

{¶ 14} In his first assignment of error, Collins argues his original sentence was void in its entirety because he was not given the R.C. 2947.23(A)(1) notification at his original sentencing hearing, and therefore no penalty or punishment had been imposed on him at the time he was resentenced.  He then asserts that, since he was resentenced after the effective date of H.B. 86, he was entitled under R.C. 1.58 to receive the benefit of that bill's provision that reduced the maximum sentence for third-degree felonies from five years to 36 months. We disagree with this argument.

{¶ 15} R.C. 1.58 states that "if the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."  We conclude that R.C. 1.58 does not apply in this case since "the penalty" at issue, i.e., the five-year prison term imposed for a third-degree felony conviction for drug trafficking, was "already imposed" on Collins prior to the effective date of H.B. 86.

{¶ 16} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme

- 4 -

Court rejected an argument substantially similar to the one Collins is raising here. In *Fischer*, the appellant, Londen K. Fischer, moved for resentencing after the Ohio Supreme Court issued its decision in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, which held that a sentence that omits a statutorily mandated postrelease term is void. *Fischer* at ¶ 3. Fischer argued that he had not been properly advised of his postrelease control obligations. *Id.* The trial court properly notified Fischer of those obligations and reimposed the remainder of his sentence. *Id.*

{¶ 17} Fischer appealed to the Ninth District Court of Appeals, arguing that, since his original sentence was void under *Bezak*, his first direct appeal was "not valid" and that his current appeal was in fact his first direct appeal in which he was permitted to raise any and all issues relating to his conviction. *Id.* at ¶ 4. The Ninth District rejected Fischer's claim on the basis of the law-of-the-case doctrine. *Id.*

{¶ 18} Fischer appealed to the Ohio Supreme Court, which rejected the Ninth District's reasoning regarding the law-of-the-case doctrine because that doctrine "is rooted in principles of res judicata and issue preclusion, and [the court has] expressly disfavored applying res judicata to sentences that do not conform to statutory postrelease-control mandates." *Id.* at ¶ 35. Nevertheless, the Ohio Supreme Court overruled a key portion of its previous decision in *Bezak*:

> [O]ur decision today revisits only one component of the holding in *Bezak,* and we overrule only that portion of the syllabus that requires a complete resentencing hearing rather than a hearing restricted to the void portion of the sentence. In light of our holding, the court of appeals in this case correctly held that Fischer's remaining claims, which did not involve a void sentence or judgment, were barred by res judicata.
>
> In so holding, we reject Fischer's claim that there was no final, appealable order in this case.
>
> Fischer's theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void under

*Bezak.* Because his sentence was void, he contends, there was no sentence, and without a sentence, no conviction and no final order. See *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty" [emphasis sic]); *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus (to be a final, appealable order, a judgment of conviction must include the sentence). In Fischer's view, the absence of a conviction means the absence of a final, appealable order, and the absence of such an order deprived the court of appeals of its jurisdiction over the initial appeal, thereby rendering that appeal invalid. The argument, though creative, fails.

Nothing in *Baker* discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth "the sentence" in addition to the other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable.

*Fischer* at ¶ 36-39.

{¶ 19} In this case, Collins' argument is substantially similar to the argument the Ohio Supreme Court rejected in *Fischer*. In light of *Fischer*, we conclude that Collins' original sentence was not rendered void in its entirety as a result of the trial court's failure to properly inform him, as required under R.C. 2947.23(A)(1), that he could be ordered to perform community service if he failed to pay court costs. Instead, only the portion of Collins' sentence related to court costs was rendered void as a result of the trial court's error. Moreover, because the five-year sentence was "already imposed" on Collins at his original sentencing, R.C. 1.58 does not apply to him, and therefore he is not entitled to the reduced sentencing range for third-degree felonies set forth in H.B. 86.

{¶ 20} In light of the foregoing, Collins' first assignment of error is overruled.

{¶ 21} In his second assignment of error, Collins argues the trial court erred in failing

to rule on his motion to withdraw his guilty plea *prior* to his resentencing hearing. He asserts that if the trial court had done so, it would have been obligated to apply the "freely allowed" standard used for presentence motions to withdraw a guilty plea and that this, in turn, would have given him a better chance to prevail on his request to withdraw his plea. *See State v. Xie*, 62 Ohio St.3d 521, 526-527 (1992) (a presentence motion to withdraw a guilty plea should be "freely and liberally granted," while a post-sentence motion to withdraw a guilty plea should be granted only to prevent a "manifest injustice"). This argument lacks merit.

{¶ 22} As explained in our response to the first assignment of error, Collins' original sentence was not void in its entirety. Therefore, his motion to withdraw his guilty plea filed during the resentencing proceeding could not be treated as a presentence motion to withdraw his guilty plea since it was clearly a postsentence motion to withdraw his guilty plea.

{¶ 23} Nevertheless, we conclude that the trial court erred in dismissing Collins' motion to withdraw his guilty plea. The trial court based its decision on the principle in *State ex rel. Special Prosecutors* that once a defendant like Collins files a notice of appeal, it divests a trial court of jurisdiction to rule over any aspect of the case except as to matters that would not be inconsistent with an appellate court's authority to review, affirm, modify or reverse the judgment from which the appeal was taken. However, now that this court has ruled on Collins' appeal, the trial court will be free to rule on Collins' motion to withdraw his guilty plea once we remand this case to it for that purpose. *See id.* at 97, quoting 7 Moore's Federal Practice (2 Ed.) 419, Paragraph 60.30 [2] ("'the general rule is that when an appeal is taken from the district court the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court.'").

{¶ 24} Accordingly, Collins' second assignment of error is sustained to the extent indicated.

{¶ 25} The judgment of the trial court is affirmed in part and reversed in part, and this

cause is remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., and PIPER, J., concur.