[Cite as *State v. Berrien*, 2015-Ohio-4450.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.  CA2015-02-004 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/26/2015 |
| - vs - | | |
| | : | |
| JUSTIN M. BERRIEN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI2005-5069

Richard W. Moyer, Clinton County Prosecuting Attorney, 103 East Main Street, Wilmington, Ohio 45177, for plaintiff-appellee

Justin M. Berrien, 918 South Wittenberg Avenue, Springfield, Ohio 45506, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Justin M. Berrien, appeals from a decision of the Clinton County Court of Common Pleas denying his motion for resentencing.  For the reasons stated below, we affirm.

{¶ 2}   In 2005, a jury found appellant guilty of attempted murder, aggravated robbery, and felonious assault.  Appellant was then sentenced to a ten-year term of imprisonment, a postrelease control period of "up to" five years, and ordered to pay all costs of prosecution.

Appellant appealed his convictions and sentence. This court affirmed appellant's convictions in *State v. Berrien*, 12th Dist. Clinton No. CA2005-08-018, 2006-Ohio-4563, but remanded the case for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Upon remand, in 2007, the trial court resentenced appellant to a ten-year term of imprisonment, a postrelease control period of five years, and ordered appellant to pay all costs of prosecution. Several years later, in 2014, appellant filed a pro se "motion for re-sentencing based on void judgment." The trial court denied appellant's motion.

{¶ 3} Appellant now appeals from the trial court's decision, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT FAILED TO RESENTENCE APPELLANT AS STATUTORILY REQUIRED, WHEN IT FAILED TO NOTIFY THE DEFENDANT-APPELLANT AT THE "SENTENCING HEARING," THAT THE FAILURE TO PAY COURT COSTS COULD RESULT IN THE TRIAL COURT ORDERING THE DEFENDANT TO PERFORM COMMUNITY SERVICE PURSUANT TO R.C. 2947.23(A)(1)(a).

{¶ 6} Appellant argues his sentence is void because the trial court imposed court costs without notifying him that if he fails to pay court costs, he could be ordered to perform community service pursuant to R.C. 2947.23. We disagree.

{¶ 7} Where a criminal defendant, subsequent to his direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. While not captioned as such, appellant's motion for resentencing is a petition for postconviction relief as it was filed subsequent to his direct appeal and claimed his sentence was void and should be vacated.

- 2 -

{¶ 8} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8-10. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 9} A trial court may dismiss a postconviction relief petition on the basis of res judicata. *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30. The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 10} At the time of appellant's sentencing, R.C. 2947.23(A)(1) required a trial court to notify the defendant that failure to pay mandatory court costs could result in the trial court ordering the defendant to perform community service. This court has held that under this version of the statute, the remedy for failing to provide the community-service notification is to vacate the imposition of costs and remand the case for the proper notification. *State v. Weathers*, 12th Dist. Butler No. CA2012-02-036, 2013-Ohio-1104, ¶ 25. However, "res judicata bars a defendant from arguing that he is entitled to resentencing for not being informed of the possibility of community service if that defendant did not raise the issue on direct appeal." *State v. Graham*, 12th Dist. Warren No. CA2014-04-062, 2015-Ohio-576, ¶

16, citing *State v. Collins*, 12th Dist. Warren No. CA2012-11-115, 2013-Ohio-3485. Res judicata bars a defendant from making this argument for resentencing because a failure to advise of court costs does not render the sentence void but is instead only reversible error. *Id.* at ¶ 14.

{¶ 11} In the 2005 sentencing entry, the trial court did not inform appellant that failing to pay mandatory court costs could result in the trial court ordering him to perform community service. The court also did not provide this notification in the 2007 resentencing entry. We are unable to review whether appellant was advised of the community service notification at the sentencing hearings because he has not submitted a transcript of the hearings. However, appellant did not assign this as error in his direct appeal. Therefore, appellant is barred by res judicata from arguing the trial court did not properly notify him regarding the community service notification. Accordingly, appellant's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT FAILED TO RESENTENCE APPELLANT AS STATUTORILY REQUIRED, WHEN THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19(B)(3)(c) THROUGH (e), AND R.C. 2967.28 WHEN IT IMPOSED THE WRONG POST-RELEASE CONTROL, AND GAVE THE APPELLANT FIVE (5) YEARS PRC, INSTEAD OF FIVE (5) YEARS MANDATORY AS REQUIRED, AND FAILED TO STATE THE MANDATORY NATURE OF PRC. SEE: STATE V. SMITH, 2012 OHIO APP. LEXIS 5176.

{¶ 14} Appellant argues the trial court erred in failing to specify that postrelease control was mandatory in the judgment entry. We disagree.

{¶ 15} As stated above, we review postconviction relief petitions under an abuse of discretion standard. *Vore*, 2013-Ohio-1490 at ¶ 10. R.C. 2929.19 provides that when a court imposes a sentence that includes postrelease control, the court must notify the offender at

the sentencing hearing (1) that he will be supervised pursuant to R.C. 2967.28 upon his release from prison, and (2) that violation of a condition of postrelease control may result in the imposition by the parole board of a prison term of up to one-half of the prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(c) and (e); *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 2. If a court imposes a prison term for a first-degree felony, an offender shall be subject to a postrelease control period of five years. R.C. 2967.28(B)(1).

{¶ 16} In the present case, appellant was convicted of two first-degree felonies and one second-degree felony, and therefore, was subject to a postrelease control period of five years. In the 2005 sentencing entry, the trial court incorrectly stated that appellant would be subject to a postrelease control period of "up to" five years. However, on remand the trial court recognized this error and correctly advised appellant regarding postrelease control. Specifically, in the 2007 resentencing entry, the trial court stated appellant shall be subject to a postrelease control period of five years and upon a violation of a condition of postrelease, the parole board may impose a prison term of up to one-half of the prison term originally imposed upon the offender.[1] Therefore, the trial court properly imposed and advised appellant of postrelease control and that he would be subject to a postrelease control term of five years. Accordingly, appellant's second assignment of error is also overruled.

{¶ 17} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

---

1. As noted in the first assignment of error, appellant has not filed a transcript of the sentencing hearing and therefore we are unable to review whether the trial court orally notified him of the postrelease control provisions. However, "an appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review." *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, fn 1; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App.R. 9(B); *see also* App.R. 16(A)(7). "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp* at 199; *Snead* at fn 1.