[Cite as *State v. Koch*, 2019-Ohio-591.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-08-158 |
| | : | O P I N I O N |
| - vs - | | 2/19/2019 |
| | : | |
| JUSTIN M. KOCH, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-01-0081

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Wendy R. Calaway, 810 Sycamore Street, Suite 117, Cincinnati, Ohio 45202, for appellant

**RINGLAND, J.**

{¶ 1} Justin Koch appeals from the decision of the Butler County Court of Common Pleas, which denied his petition for postconviction relief without granting him an evidentiary hearing. For the reasons discussed below, this court affirms the lower court decision.

{¶ 2} A Butler County grand jury indicted Koch on seven felony counts including murder, aggravated robbery, and aggravated burglary. The charges stemmed from Koch's involvement in a residential armed robbery where a victim was shot and killed.

{¶ 3}   Koch and the state entered into a plea agreement whereby Koch would plead guilty to murder, a violation of R.C. 2903.02(B), and the state would dismiss the remaining charges.  At the plea hearing, the state summarized Koch's involvement in the robbery. Koch and the other codefendants planned the robbery by surveilling the victim, obtaining a firearm, and wearing clothing or items to mask their identities.  Koch drove the vehicle used in the robbery.  He parked the vehicle outside the victim's residence and stayed inside the vehicle while two codefendants entered the residence.  The codefendants began fighting with the occupants of the home, including the victim.  Ultimately, one of the codefendants shot the victim, killing him.  The codefendants returned to the waiting vehicle and Koch drove them away.

{¶ 4}   The trial court sentenced Koch to 15 years to life in prison.  Koch did not file a direct appeal of his conviction.  Koch later petitioned for postconviction relief.

{¶ 5}   The petition alleged that Koch submitted to a police interview prior to being charged.   The interview was audio recorded, and later transcribed.   Two lawyers accompanied Koch during the interview.

{¶ 6}   Koch argued that both lawyers provided constitutionally defective performance for failing to advise him not to submit to the police interview and to remain silent.  Koch alleged that he made numerous inculpatory statements during the interview, including lying to police concerning facts of which police were already aware of from their investigation.  Koch also alleged that he provided police with access to his cellular phone where police uncovered incriminating evidence.  Koch argues that the inculpatory evidence that he provided to the state via the interview was "overwhelming" and ultimately identified him as the "mastermind" of the robbery.  Koch further contended that because of the evidence against him he was unable to obtain a satisfactory plea agreement.

{¶ 7}   The court denied the petition without conducting an evidentiary hearing.  The

court noted that the interview transcript showed that counsel had advised Koch to remain silent several times. The court found that Koch had not demonstrated that he received ineffective assistance of counsel and denied the petition.

{¶ 8} Koch appeals, raising one assignment of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN DISMISSING MR. KOCH'S PETITION WITHOUT AN EVIDENTIARY HEARING BECAUSE MR. KOCH PROVIDED SUFFICIENT EVIDENCE THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GURANTEED BY THE SIXTH AMENDMENT.

{¶ 11} Koch argues that he submitted sufficient evidence necessary to demonstrate his right to an evidentiary hearing on a petition for postconviction relief. Specifically, Koch contends that the transcript of the police interview demonstrated that his lawyers provided him with constitutionally defective representation by failing to advise him to remain silent. Koch also argues that his lawyers were deficient by failing to investigate his defense, interview witnesses, or conduct any investigation, prior to advising him to submit to the interview.

{¶ 12} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition may be filed by any convicted person who claims that there was such a denial or infringement of their rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. R.C. 2953.21(A)(1)(a). A court has several options in responding to a petition, including granting a hearing on the petition, dismissing the petition, or granting summary judgment. R.C. 2953.21(D), (E), and (H).

{¶ 13} A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing will not be reversed absent an abuse of discretion. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14.

{¶ 14} A convicted defendant alleging ineffective assistance of counsel must demonstrate that (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) that defense counsel's errors prejudiced the defendant, depriving him or her of a trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be entitled to a hearing on an ineffective assistance of counsel claim in a petition for postconviction relief, the petitioner bears the initial burden of submitting evidentiary materials containing sufficient operative facts which, if believed, would establish defense counsel had substantially violated at least one of a defense attorney's essential duties to his client and that the defendant was prejudiced as a result. *State v. Cole*, 2 Ohio St.3d 112, 114 (1982); *State v. Jackson*, 64 Ohio St.2d 107 (1980), at syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * *. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689.

{¶ 15} The transcript reflects that counsel informed Koch that police could use his statements against him, and repeatedly admonished him that he must assume that police had already investigated the case and thus it was crucial that he only tell the truth. Koch repeatedly assured his counsel that he understood this and was telling the truth. Koch told police his version of events, which was that he drove the two codefendants to the home, that he understood that they would be buying marijuana, and that he had no knowledge that they

- 4 -

intended to commit a robbery or possessed a gun. However, as became clear later in the interview, Koch was lying about his level of involvement in the robbery. When police directly accused Koch of having knowledge of the robbery, counsel appropriately told Koch to remain silent.

{¶ 16} Koch did not meet his burden of submitting sufficient operative facts indicating that his lawyers provided him with constitutionally defective performance. To the contrary, Koch's lawyers correctly advised not to lie to the police unless his exculpatory story was the truth. Koch chose to disregard this advice. And counsel repeatedly advised Koch to remain silent when police confronted Koch directly about his involvement in the robbery.

{¶ 17} Koch also claims that his attorneys should have investigated the case before allowing him to submit to police questioning. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland* at 691. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

{¶ 18} The record reflects that Koch and his attorneys participated in the police interview in the early morning hours. The robbery had occurred the prior day. Thus, counsel was recently retained. The transcript suggests that Koch misled his attorneys about his level of participation in the robbery prior to the interview. Koch's lawyers cannot be deficient for relying on their client to be honest. Under these facts, Koch has not demonstrated sufficient operative facts that his attorneys provided him with ineffective assistance for an alleged failure to investigate.

{¶ 19} For the foregoing reasons, this court does not find that the lower court abused its discretion in dismissing Koch's petition without an evidentiary hearing. This court overrules Koch's sole assignment of error.

{¶ 20} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.