[Cite as *State v. Hake*, 2019-Ohio-1402.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-08-011 |
| | : | O P I N I O N |
| - vs - | | 4/15/2019 |
| | : | |
| NATHANIEL WILLIAM HAKE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 12CR11095


Martin P. Votel, Preble County Prosecuting Attorney, Preble County Court House, 101 E. Main Street, Eaton, OH 45320, for appellee

George A. Katchmer, 1886 Brock Road, N.E., Bloomingburg, Ohio, 43601, for appellant


**RINGLAND, J.**

{¶ 1} Appellant, Nathan Hake, appeals a decision of the Preble County Court of Common Pleas denying his petition for postconviction relief. For the reasons detailed below, we affirm.

{¶ 2} On November 5, 2012, Hake was indicted on one count of forgery in violation of R.C. 2913.31(A)(1), a fifth-degree felony. Hake requested and was permitted five separate continuances. On November 22, 2013, Hake's initial trial counsel was granted leave to

withdraw and the matter was continued again. Hake filed a pro se motion to continue on January 23, 2014. That same day Hake's new trial counsel filed a notice of appearance, conditioned on the grant of Hake's continuance. The trial court "reluctantly" granted Hake's motion but expressed concern that Hake was manipulating trial procedure. In its written entry, the trial court advised Hake that there would be no additional continuances.[1]

{¶ 3} On April 14, 2014, the morning of trial, Hake's new trial counsel moved to withdraw because he had learned that Hake had attempted to tamper with a state's witness by negotiating the settlement of a related civil claim in exchange for the victim's promise not to appear or testify in the criminal trial. Based on those circumstances, Hake's new trial counsel was permitted to withdraw, but remained as shadow counsel.

{¶ 4} During trial, Hake sought to play a CD recording of a voicemail the victim left on his phone. Hake alleges that the voicemail provides exculpatory evidence of his guilt. However, for reasons not clear in the record, the CD could not be found. Following the close of evidence, the jury found Hake guilty and the trial court sentenced him to 120 days in jail and ordered him to serve three years of community control. Hake appealed his conviction but failed to file a transcript of proceedings and the appeal was eventually dismissed due to his failure to prosecute. *State v. Hake*, 12th Dist. Preble No. CA2014-06-003 (Sept. 18, 2014) (Entry of Dismissal).

{¶ 5} On November 22, 2017, Hake filed a petition for postconviction relief. In his petition, Hake alleged that the Preble County Clerk of Court's office had recently discovered the missing CD and he was entitled to a new trial based on the "newly discovered evidence." The trial court denied Hake's petition and he now appeals, raising two assignments of error

---

1. The trial court also presciently noted that Hake's request for a continuance may be yet another attempt to manipulate the trial procedure because "there is nothing to stop [Hake] from firing his new attorney * * * on the eve of a new trial date should the case be continued."

for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE COURT ERRED IN DENYING A HEARING ON APPELLANT'S PETITION FOR POST CONVICTION [sic] RELIEF BASED UPON MISSING EVIDENCE.

{¶ 8} Assignment of Error No. 2:

{¶ 9} INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 10} We will address Hake's assignments of error together. In his first assignment of error, Hake argues the trial court erred by denying his petition for postconviction relief based upon purportedly missing evidence. In his second assignment of error, Hake contends he received ineffective assistance of counsel. Hake's arguments are without merit.

{¶ 11} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8. Under R.C. 2953.21(C) "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶ 12} "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34.

{¶ 13} R.C. 2953.21 sets forth the general postconviction relief protocol and provides

that such petitions must be filed no later than 365 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. R.C. 2953.21(A)(2). Here, Hake initially appealed his decision in 2014, but that appeal was subsequently dismissed for failure to prosecute. Hake did not file his petition until November 22, 2017, which is well outside the deadline prescribed in R.C. 2953.21. Hake's petition is, therefore, untimely.

{¶ 14} Although untimely, R.C. 2953.23(A)(1)(a) permits a trial court to entertain a petition so long as the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and petitioner asserts a claim based on that right. *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 44. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found him guilty of the offense for which he was convicted. R.C. 2953.23(A)(1)(b).

{¶ 15} As previously noted, Hake sought to play a CD allegedly containing an exculpatory voicemail. However, the CD could not be found, and the trial continued, ultimately resulting in his conviction. Nearly three years later, the CD was found in the clerk's file. Therefore, Hake claims he was unavoidably prevented from discovering the facts.

{¶ 16} Following review, we find Hake has failed to demonstrate either that he was unavoidably prevented from discovering his claim for relief or that his claim arises out of a newly recognized federal or state right, as contemplated by R.C. 2953.23(A)(1)(a). Hake knew the facts at the time of trial and the CD was not "missing evidence." Hake's decision to not keep a separate copy for himself was done entirely of his own volition and his personal

failure to preserve his own evidence does not mean that he was "unavoidably prevented from discovering facts necessary" for relief. Furthermore, there is nothing in the record to support a claim that the recording would have had any impact on the outcome of the trial.

{¶ 17} Finally, Hake makes a muddled argument as to having received ineffective assistance of counsel. However, as noted above, Hake's new trial counsel withdrew the day of trial because he learned that Hake had attempted to tamper with a state's witness. As a result of Hake's actions, his new trial counsel was permitted to withdraw, but remained as shadow counsel. The fact that Hake was required to proceed without counsel was due to his own actions in attempting to tamper with a state's witness after he had already been warned there would be no further continuances in this case. *State v. Nelson*, 1st Dist. Hamilton No. C-150480, 2016-Ohio-8064, ¶ 21 (a defendant may waive his right to counsel by conduct). Furthermore, there is no evidence that Hake's shadow counsel acted inappropriately during trial. All of the information pertinent to Hake's "ineffective assistance" claim was readily available and ripe for determination on his direct appeal or in a timely petition for postconviction relief. Hake failed to do so. Even in the present appeal, Hake fails to provide a transcript or any evidence suggesting that he was constitutionally or prejudicially deprived of counsel. As a result, Hake was not deprived of any right or entitled to any relief contemplated by the postconviction relief statute.

{¶ 18} The trial court did not err by denying Hake's petition for postconviction relief. Hake's first and second assignments of error are overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.