[Cite as *State v. Kaufhold*, 2021-Ohio-4539.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-03-021 |
| | : | O P I N I O N |
| - vs - | | 12/27/2021 |
| | : | |
| DAVID T. KAUFHOLD, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-11-2011


Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Santen & Hughes, and H. Louis Sirkin, and John D. Holschuh III, for appellant.


**BYRNE, J.**

{¶1}    Appellant, David Kaufhold, appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief.  For the reasons detailed below, we affirm the trial court's denial of Kaufhold's petition.

**I. Factual and Procedural Background**

{¶2}    Kaufhold, a 61-year-old man, met P.C., a 58-year-old woman, through an

online dating service.[1]  After becoming acquainted, they decided to go on a first date at B.J.'s Restaurant and Brewhouse in Springdale, Ohio.  P.C. arrived over 30 minutes early and ordered a margarita and an appetizer.  When Kaufhold arrived, he ordered her another drink and then another even before she finished her second.  P.C. initially refused the third drink, telling Kaufhold "I feel really woozy right now."  Kaufhold told her to keep drinking the third drink, saying "drink this," "[y]ou've got to drink this," and "[h]ave a sip, you have to drink this one."  Feeling pressured by Kaufhold, P.C. stated that she ended up taking a few sips of the third margarita.  She stood up and told Kaufhold "I don't feel good."  P.C. testified that she then blacked out.

{¶3}  P.C.'s next recollection was Kaufhold on top of her as she was face down on a mattress in what she later learned was Kaufhold's bedroom.  P.C. testified that she felt "just terrible" and felt excruciating pain in her vagina and anus.  She told Kaufhold "to get off [her]." P.C. then went to the bathroom to compose herself.  She struggled to get dressed in the bathroom and struggled to walk.  When she reentered the bedroom she "just fell back on the bed."  Kaufhold told her to leave, stating "oh no.  You are not staying here.  You are going home."

{¶4}  Kaufhold helped P.C. up from the mattress and escorted her outside to his truck where she "passed out again."  The next thing she remembered was Kaufhold dropping her off at B.J.'s Restaurant and Brewhouse, where her car was still in the parking lot.  P.C. attempted to call her niece, but she accidentally dialed her son's number.  When he answered, P.C. told him that she had been raped.  Since P.C. was driving her car during this conversation, her son and his wife implored her to pull over so they could assist her.

---

1. This is the second time this case has been appealed to our court.  *See State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835.  Our previous decision discusses the case's facts in significantly more detail than is necessary in this opinion.

P.C. eventually pulled into a parking lot and passed out again. When P.C.'s son arrived, he had to physically pull her from her car, threw her over his shoulder, and transported her to a hospital. She passed out again.

{¶5} After arriving at the hospital, P.C. was examined by a Sexual Assault Nurse Examiner ("SANE nurse"). The SANE nurse documented pronounced injuries to P.C.'s genital areas, including lacerations, bruising, swelling, and bleeding. There was also testimony that P.C. was "drowsy" and "very sleepy." A toxicologist later reported that P.C.'s blood alcohol content was well over the legal limit based on a sample taken during P.C.'s hospital visit.

{¶6} P.C. reported the incident to authorities. P.C. also retained an attorney and private investigator and filed a civil lawsuit against Kaufhold. Kaufhold was later indicted on one count of rape and one count of sexual battery.

{¶7} The matter proceeded to a four-day jury trial where the jury heard testimony from 13 witnesses. This included testimony from Kaufhold, P.C., P.C.'s son, P.C.'s daughter-in-law, two nurses who treated P.C. for her injuries, the state's expert witness, and the chief toxicologist with the Hamilton County Coroner's Office. After hearing this testimony, the jury returned a verdict finding Kaufhold guilty as charged on both the rape and sexual battery offenses.

{¶8} Kaufhold filed a direct appeal. We affirmed Kaufhold's conviction and sentence. *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 67. The Ohio Supreme Court declined review. 11/24/2020 Case Announcements, 2020-Ohio-5332.

{¶9} On October 5, 2020, Kaufhold filed a petition for postconviction relief. Following review, the trial court denied Kaufhold's petition. Kaufhold now appeals the denial of the petition, raising two assignments of error for review.

## II. Law and Analysis

{¶10} Assignment of Error No. 1:

{¶11} THE COURT ERRED IN FAILING TO GRANT APPELLANT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.

{¶12} In his first assignment of error, Kaufhold argues the trial court erred by denying his petition for postconviction relief without an evidentiary hearing. We find no merit to Kaufhold's argument.

### A. Postconviction Relief, Standard of Review, and Res Judicata

{¶13} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8. To prevail on a petition for postconviction relief, the petitioner must establish a violation of his constitutional rights that renders the judgment of conviction "void or voidable." R.C. 2953.21(A)(1)(a)(i). A petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing. *State v. Rose,* 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 16. Under R.C. 2953.21(C) "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶14} "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10. "The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable,

arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34. A trial court "does not abuse its discretion in dismissing a [petition for postconviction relief] without an evidentiary hearing if (1) the petitioner fails to set forth sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition." *State v. Myers*, 12th Dist. Warren No. CA2019-07-074, 2021-Ohio-631 at ¶ 18, citing *State v. Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, ¶ 25.

{¶15} "It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30. "Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Myers*, 12th Dist. Warren No. CA2019-07-074, 2021-Ohio-631, ¶ 16, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10 and *State v. Szefcyk*, 77 Ohio St. 3d 93, syllabus. "Res judicata bars a petitioner from 're-packaging' evidence or issues that either were or could have been raised in trial or on direct appeal." *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 15, citing *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20.

{¶16} "The presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata." *Myers* at ¶ 17, citing *State v. Lawson*, 103 Ohio App. 3d 307, 315 (12th Dist. 1995). "The evidence submitted with the petition cannot be merely cumulative of or alternative to evidence presented at trial." *Id.*, citing *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 16. "To overcome

the res judicata bar, evidence outside the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." *Id.*, citing *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18. "If evidence outside the record is 'marginally significant' and does not advance the petitioner's claim beyond a mere hypothetical and a desire for further discovery, res judicata still applies to the claim." *Id.*, quoting *State v. Cowans*, 12th Dist. Clermont No. CA98-10-090, 1999 Ohio App. LEXIS 4157, *8-9 (Sept. 7, 1999). Stated another way, "'[e]vidence presented outside the record must meet some threshold standard of cogency.'" *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363 at ¶ 16, quoting *Lawson* at 315.

## B. Ineffective Assistance of Counsel

{¶17} Claims of ineffective assistance of counsel are constitutional in nature. A convicted defendant alleging ineffective assistance of counsel must demonstrate that (1) defense counsel's performance was so deficient that he or she was not functioning as the "counsel" guaranteed under the Sixth Amendment to the United States Constitution, and (2) that defense counsel's errors prejudiced the defendant, depriving him or her of a trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To be entitled to a hearing on an ineffective assistance of counsel claim in a petition for postconviction relief, the petitioner bears the initial burden of submitting evidentiary materials containing sufficient operative facts which, if believed, would establish defense counsel had substantially violated at least one of a defense attorney's essential duties to his client and that the defendant was prejudiced as a result. *State v. Koch*, 12th Dist. Butler No. CA2018-08-158, 2019-Ohio-591, ¶ 14.

## C. Analysis of Kaufhold's Arguments

{¶18} Kaufhold contends that he is entitled to postconviction relief because he

received ineffective assistance of counsel. First, Kaufhold argues that his trial counsel was ineffective for failing to investigate or consult an expert to challenge the SANE nurse who testified at trial. Second, he argues that his counsel was ineffective for failing to investigate DNA evidence in the victim's underwear and for failing to investigate the victim's "financial background." Third, he argues that his rights to effective assistance of counsel, equal protection, and due process rights, as well as his rights under the Americans with Disabilities Act, were violated when he was called to testify without hearing assistance.

### 1. Failure to Investigate Expert to Challenge SANE Nurse

{¶19} During trial, the state presented evidence from a SANE nurse who examined P.C. on the night of her date with Kaufhold. The SANE nurse testified that P.C. presented to the hospital with high levels of pain in her vaginal and anal areas. The SANE nurse explained that P.C. had various lacerations, bruising, swelling, and bleeding. The SANE nurse described the injuries as not the result of "normal intercourse." Rather, she stated that the intercourse would need to be "pretty rough" and also mentioned "I don't think that anybody even having rough intercourse could do that."

{¶20} In his motion for postconviction relief, Kaufhold argued that his trial counsel was ineffective for failing to investigate or consult with a medical expert for the purpose of challenging the SANE nurse's testimony. Specifically, Kaufhold described P.C. as a "post-menopausal female" and argued that such an expert should have been used to determine whether P.C. "could have suffered the injuries she alleged through consensual sexual intercourse." Kaufhold then argues that the "failure to investigate the physical effects of sex on post-menopausal women or consult with a medical expert about [the SANE nurse's] testimony * * * fell below an objective standard of reasonableness." In support, Kaufhold submitted no new evidence other than an affidavit from his trial counsel that stated:

3. During that trial, the State presented testimony from SANE

Butler CA2021-03-021

nurse Amelia Rivers.

> 4. Prior to trial, I did not consult with or engage an independent SANE nurse or an Ob/gynecologist to assist in Mr. Kaufhold's defense.

> 5. I did not consult with or utilize an independent SANE nurse or an Ob/gynecologist regard nurse Rivers' report.

{¶21} The trial court held that Kaufhold's failure-to-investigate argument could have been raised on direct appeal and was therefore barred by res judicata. The trial court also determined that Kaufhold had not established substantive grounds for postconviction relief.

{¶22} Kaufhold argues that the trial court erred in applying res judicata because no evidence regarding his trial counsel's investigation prior to trial was presented at trial or was available during his direct appeal. It is true that the three sentences quoted above from Kaufhold's trial counsel's affidavit were evidence that was not presented at trial or during Kaufhold's direct appeal. However, these three sentences demonstrate less than Kaufhold asserts. Kaufhold's trial counsel did not actually state in his affidavit that he did not consider potential experts to rebut the state's SANE nurse witness. Instead, he simply stated that prior to trial he did not "consult with or engage an independent SANE nurse or Ob/gynecologist." He did not state whether he *considered* retaining such experts, or whether he considered, consulted with, or engaged an expert other than an independent SANE nurse or obstetrician/gynecologist. In other words, trial counsel's affidavit is quite limited. We therefore conclude that, even if the statements in Kaufhold's trial counsel's affidavit constitute evidence outside the record, the evidence does not meet the threshold standard of cogency necessary to bar application of res judicata. *Statzer*, 2018-Ohio-363 at ¶ 16.

{¶23} Even if the trial court had improperly applied res judicata to Kaufhold's argument regarding his trial counsel's failure to investigate an expert to testify contrary to

the SANE nurse, we find the trial court did not abuse its discretion by rejecting Kaufhold's argument on the merits. We have previously held that a petitioner was not entitled to postconviction relief where his trial counsel failed to obtain a medical expert. *State v. B.J.T.*, 12th Dist. Warren No. CA2018-06-062, 2019-Ohio-1049, ¶ 18. In that case, the 15-year-old victim reported that she had been sexually abused over a period of approximately eight months. *Id.* at ¶ 2. On appeal, the petitioner alleged that his counsel was ineffective for failing to obtain a medical expert. *Id.* at ¶ 14. We rejected that argument because "[p]hysical injury was not required, nor would the lack of physical injury be necessarily probative in light of the allegations." *Id.* at ¶ 18.

{¶24} In this case, the state alleged that Kaufhold engaged in sexual conduct with P.C. when he knew or had reasonable cause to believe that her ability to resist or consent to sexual conduct was substantially impaired because of her mental or physical condition. Kaufhold did not dispute that he engaged in sexual conduct with P.C. In fact, Kaufhold admitted that he had sexual intercourse with P.C. multiple times the evening of their date and asserted that it was consensual. Therefore, the issue before the jury was not whether P.C had been forcibly raped, but rather whether Kaufhold had sexual conduct with P.C. while her ability to resist or consent was substantially impaired. The jury ultimately answered that question in the affirmative and found Kaufhold guilty.

{¶25} In both his petition for postconviction relief and in his argument on appeal, Kaufhold fails to identify how the testimony of another SANE nurse or expert would have undermined the state's evidence. As correctly determined by the trial court, Kaufhold's argument merely invites speculation into what another hypothetical expert could have uncovered. This court will not engage in speculation that ultimately has no bearing on the issue presented to the jury. We have held that when a defendant's "argument that a defense expert was necessary to impeach the opinions and methods of the examiner is

purely speculative," and the defendant "fails to identify the expert witness who should have been called or what the expert would have said," the defendant fails to establish ineffective assistance of counsel" because "this court has no way of knowing how an expert would have aided [the defendant's] defense." *State v. Long*, 12th Dist. Warren No. CA2021-02-014, 2021-Ohio-3651, ¶ 41. Furthermore, "[i]t is well settled that declining to call an expert and opting to rely on cross-examination * * * does not amount to ineffective assistance of counsel." *Id.* at ¶ 42. Such is exactly the case here where Kaufhold has not identified a potential expert and, as the trial court pointed out, there is no way of knowing how an unidentified expert may have testified, including whether the testimony would have even supported Kaufhold's position. Kaufhold has not "set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St. 3d 279 at paragraph two of the syllabus. Accordingly, we find Kaufhold's first argument is without merit.

### 2. Failure to Investigate DNA Evidence and P.C.'s "Financial Background"

{¶26} Kaufhold next argues that his counsel was ineffective for failing to investigate DNA evidence in the victim's underwear and for failing to investigate P.C.'s "financial background." The trial court found that both arguments were barred by res judicata, as well as on the merits. We agree.

{¶27} With respect to Kaufhold's argument that his counsel failed to investigate an unknown male's DNA found in P.C.'s underwear, we previously addressed this exact issue in Kaufhold's direct appeal. *Kaufhold*, 2020-Ohio-3835 at ¶ 38, 60. As it relates to DNA evidence found on P.C.'s underwear, in Kaufhold's direct appeal we stated:

> Kaufhold finally argues that he received ineffective assistance when his trial counsel failed to "investigate or even inquire about" the DNA of an unknown male found in P.C.'s underwear. But, when considering Kaufhold admitted to having sex with P.C., the fact that the DNA of an unknown male was found in P.C.'s underwear was not pertinent to his trial counsel's trial strategy that, as noted above, (1) the sex was consensual or (2),

- 10 -

if not consensual, that there was no evidence to indicate Kaufhold either knew or had reasonable cause to believe P.C.'s ability to resist or consent was substantially impaired. "[T]rial strategy, even debatable strategy, is not a basis for finding ineffective assistance of counsel." Therefore, Kaufhold's claim that he received ineffective assistance when his counsel failed to "investigate or even inquire about" the DNA of an unknown male found in P.C.'s underwear lacks merit. Accordingly, finding no merit to any of the arguments raised by Kaufhold herein, Kaufhold's fourth assignment of error is overruled.

(Citations omitted.) *Id.* at ¶ 60. As such, the doctrine of res judicata bars Kaufhold's claim as it was already raised on direct appeal. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175 at ¶ 10 (arguments that were raised on direct appeal are barred by res judicata).

{¶28} Even if this argument were not barred by res judicata, it would also fail because Kaufhold has offered no new evidence in support of his argument. *Thornton*, 2013-Ohio-2394 at ¶ 34 (trial court does not abuse its discretion when it denies petition for postconviction relief because petitioner fails to set forth sufficient operative facts to establish substantive grounds for relief). In fact, Kaufhold's previous counsel's affidavit is silent regarding the investigation he did or did not perform regarding the male DNA in P.C.'s underwear.

{¶29} As to Kaufhold's argument that his trial counsel was ineffective for failing to investigate potentially relevant financial information about liens or alleged financial difficulties of the victim, this court – again, in Kaufhold's direct appeal – noted that Kaufhold's trial counsel had questioned the victim about her finances to the full extent that he intended. *Kaufhold* at ¶ 38. We concluded that Kaufhold was not deprived of the right to confront his accuser, nor was his ability to present his defense fundamentally impaired. *Id.* Instead, we noted:

> The record instead indicates that Kaufhold did exactly what he intended to do with this line of questioning; i.e., imply that P.C.

had made up the allegations against him in hopes that she would receive a significant financial payout.

*Id.*

{¶30} Kaufhold fails to identify any meritorious reason why his trial counsel's failure to investigate potentially relevant financial information could not have been raised on direct appeal when trial counsel specifically asked questions of P.C. at trial that were intended to elicit answers regarding her financial motivations. *See, e.g., State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 15 (failure to discover incident report and use it to impeach victim should have been raised on direct appeal when incident report was known prior to direct appeal). From the record it is clear that Kaufhold's trial counsel was aware of information about P.C.'s finances and did raise this line of questioning with P.C. for impeachment purposes. Kaufhold's argument on appeal is merely a reformulation of arguments that were rejected previously. *State v. West*, 12th Dist. Butler No. CA2018-09-183, 2019-Ohio-4826, ¶ 20 (petitioner cannot "re-package" evidence or issues that were or could have been raised in trial or direct appeal).

{¶31} In fact, Kaufhold offered no new evidence whatsoever with respect to P.C.'s liens and financial problems that would support his request for postconviction relief. In particular, Kaufhold's previous counsel's affidavit is silent regarding P.C.'s liens and alleged financial difficulties. Nor did Kaufhold's trial counsel state in his affidavit that he failed to investigate P.C.'s liens or financial problems. Accordingly, this argument is also barred by application of res judicata. *Blankenburg*, 2012-Ohio-6175 at ¶ 10. Even if it were not barred by res judicata, Kaufhold's failure to point to any evidence establishing substantive grounds for relief would be fatal to his request for postconviction relief on this issue. *Thornton*, 2013-Ohio-2394 at ¶ 34.

{¶32} For all of these reasons the trial court did not abuse its discretion in denying

Kaufhold's petition for postconviction relief with respect to his arguments regarding his trial counsel's alleged failure to investigate the unknown male's DNA in P.C.'s underwear and P.C.'s liens and financial problems.

### 3. Failure Regarding Hearing Assistance

{¶33} Finally, Kaufhold argues that his trial counsel was ineffective for failing to advise him of his right to hearing assistance. The record reflects that Kaufhold does have a hearing impairment. As relevant here, the trial transcript clearly indicates that Kaufhold was wearing hearing aids during trial:

> KAUFHOLD'S TRIAL COUNSEL: And you have some problems
> with your hearing occasionally, right?
>
> KAUFHOLD: Yeah, if you raise your voice a little bit, I - -
>
> KAUFHOLD'S TRIAL COUNSEL: No problem.
>
> KAUFHOLD: Okay.
>
> KAUFHOLD'S TRIAL COUNSEL: And you have a hearing aid
> in?
>
> KAUFHOLD: Yeah, they're in.

{¶34} Kaufhold suggests that his trial counsel was unaware of certain accommodations that could have been made as a result of his hearing impairment. Kaufhold further argues that "subjecting [him] to cross-examination without hearing assistance violated [his] rights to due process and to equal protection." As part of his petition for postconviction relief, Kaufhold attached an affidavit from his trial counsel that averred "[d]uring trial, it became clear that Mr. Kaufhold was suffering from hearing difficulties. This was especially clear during his testimony as part of my case in chief."

{¶35} The trial court rejected Kaufhold's argument regarding hearing assistance based on Kaufhold's failure to "demonstrate operative facts to establish substantive grounds for relief." Following review, we find that the trial court did not abuse its discretion.

Kaufhold has not demonstrated that he received ineffective assistance of counsel with respect to his hearing impairment and has provided no basis for an evidentiary hearing. There is no evidence in the record suggesting that Kaufhold was actually unable to adequately hear in the courtroom or that he suffered any prejudice. On the contrary, Kaufhold stated at trial that he was wearing his hearing aids, asked his counsel to speak up, and then stated "okay" after his trial counsel next spoke. Further, Kaufhold's trial counsel's affidavit does not state that he was unaware of the potential accommodations of which Kaufhold now claims his trial counsel was unaware. Kaufhold has not pointed to operative facts establishing substantive grounds for postconviction relief with respect to his alleged hearing difficulties.

{¶36} Having thoroughly reviewed the record, we find the trial court did not abuse its discretion by denying Kaufhold's petition for postconviction relief. Kaufhold's first assignment of error is overruled.

{¶37} Assignment of Error No. 2:

{¶38} THE COURT ABUSED ITS DISCRETION IN FAILING TO RESPOND TO MR. KAUFHOLD'S REQUEST FOR ADDITIONAL TIME TO PRESENT EVIDENCE.

{¶39} In his second assignment of error, Kaufhold argues the trial court erred by failing to respond to his request for additional time to present evidence. As noted above, Kaufhold filed his petition for postconviction relief on October 5, 2020. In that petition, Kaufhold also requested that he be provided 30 additional days to submit evidence in support. The trial court did not address Kaufhold's request and instead denied his petition in a written entry.

{¶40} R.C. 2953.21 provides for the filing of petitions for postconviction relief and sets forth procedures with respect to those petitions. That statute provides that such petitions must be filed no later than 365 days after the date on which the trial transcript is

- 14 -

filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. R.C. 2953.21(A)(2). A different statute, R.C. 2953.23(A)(1)(a), permits a trial court to entertain an untimely petition so long as the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and petitioner asserts a claim based on that right. *State v. Hake*, 12th Dist. Preble No. CA2018-08-011, 2019-Ohio-1402, ¶ 14.

{¶41} In the present case, the transcript was filed with this court in the direct appeal on October 4, 2019, and Kaufhold filed his petition for postconviction relief on October 5, 2020. As the day prior was a Sunday, his petition was timely. Though he suggests that the trial court erred in the handling of his request for a continuance for additional time to present evidence in support of his postconviction relief petition, Kaufhold's request was more accurately framed as a request for permission to file an untimely petition for postconviction relief. That is, Kaufhold argues the trial court should have permitted him an additional 30 days to "submit factual evidence" on a matter that would otherwise be classified as an untimely petition.

{¶42} Based on our review, we find the trial court did not err by denying Kaufhold's petition without granting any extension of time to submit additional evidence. Kaufhold does not allege that he satisfied either of the two conditions contained in R.C. 2953.23(A)(1)(a) or (b). Instead, he argues that his statutory deadline should be extended because of the COVID-19 pandemic. However, the deadline set forth in R.C. 2953.21(A)(2) is statutory and jurisdictional. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 41. Kaufhold has not satisfied the statutory conditions to entertain an untimely petition and his unspecific reference to "difficulties posed by the COVID-19 emergency" is unavailing.

Kaufhold's second assignment of error is without merit and is hereby overruled.

{**¶43**}  Judgment affirmed.


PIPER, P.J., and M. POWELL, J., concur.